**NO. 19-60662**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated,

Plaintiffs-Appellees,

v.

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

Defendant-Appellant.

(Continuation of Caption on Following Page)

---

On Appeal from the United States District Court for the
Southern District of Mississippi

# MOTION OF THE AMERICAN PROBATION AND PAROLE ASSOCIATION FOR LEAVE TO FILE ITS *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF APPELLEES AND REVERSAL

ASHLEY I. KISSINGER
BALLARD SPAHR LLP
5480 Valmont Road, Suite 200
Boulder, CO 80301-2369
kissingera@ballardspahr.com
(303) 379-2275

LOUIS P. PETRICH
BALLARD SPAHR LLP
2029 Century Park East, Suite 900
Los Angeles, CA 90067-2909
petrichl@ballardspahr.com
(424) 204-4400

Counsel for *Amicus Curiae*
The American Probation and Parole Association

No. 19-60662

---

HERMAN PARKER, JR., individually and on behalf of a class of all others similarly situated; WALTER WAYNE KUHN, JR., individually and on behalf of a class of all others similarly situated; BYRON DEMON COLEMAN; individually and on behalf of a class of all others similarly situated; JON O'NEAL, individually and on behalf of a class of all others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of all others similarly situated,

Plaintiffs-Appellees

---

Consolidated with No. 19-60678

---

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated; HERMAN PARKIER, JR., individually and on behalf of a class of all others similarly situated; WALTER WAYNE KUHN, JR.; individually and on behalf of a class of all others similarly situated; BYRON DEMOND COLEMAN, individually and on behalf of a class of all others similarly situated; JOHN O'NEAL, individually and on behalf of a class of all others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of all others similarly situated,

Plaintiffs-Appellees Cross-Appellants

V.

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

Defendant-Appellant Cross-Appellee

---

# CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Appellate Procedure 29(a) and 5th Cir. R. 29.2, the undersigned hereby certifies that, in addition to the Certificate of Interested Persons and Corporate Disclosure Statements submitted by Plaintiff-Appellees and Defendant-Appellant, the following persons or entities have an interest in the outcome of this case:

American Probation and Parole Association, *Amicus Curiae*

Kissinger, Ashley, *Attorney for Amicus Curiae*

Petrich, Louis, *Attorney for Amicus Curiae*

Sakai, Joseph, *Attorney for Amicus Curiae*

**A. Corporate Disclosure Statement**

Pursuant to Fed. R. App. P. 29(4)(A), *Amicus Curiae* states that it is not a corporation, has no separate parent organization, and has no stockholders.

Undersigned counsel of record certifies that the American Probation and Parole Association is the only entity that has an interest in this *amicus* brief, which is filed in support of the Plaintiffs-Appellees. No counsel for any party authored any portion of this brief. No party, and no person other than the American Probation and Parole Association and its counsel, contributed monetarily to the preparation of this *amicus* brief.

These representations are made in order that the judges of this Court may evaluate their possible recusal or disqualification as provided by Fifth Circuit Rules 29.2 and 28.2.1.

SO CERTIFIED, this the 6th day of November, 2019.

/s/ Louis Petrich

Counsel for *amicus curiae*

**NO. 19-60662**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated,

Plaintiffs-Appellees,

v.

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

Defendant-Appellant.

(Continuation of Caption on Following Page)

---

On Appeal from the United States District Court for the
Southern District of Mississippi

**MOTION OF THE AMERICAN PROBATION AND PAROLE ASSOCIATION
FOR LEAVE TO FILE ITS *AMICUS CURIAE* BRIEF
IN SUPPORT OF PLAINTIFF-APPELLEES AND REVERSAL**

Pursuant to 5th Cir. R. 29.1, Fed. R. App. P. 27, and Fed. R. App. P. 29(a)(3), the American Probation and Parole Association, by and through its undersigned counsel, respectfully moves for leave to file the attached *amicus curiae* brief in support of Plaintiff-Appellees and reversal.

This brief and motion for leave to file are timely because they are being submitted "within 7 days after the filing of the principal brief of the party whose position the *amicus* brief will support." 5th Cir. R. 29.1.

## INTEREST OF THE *AMICUS*

The APPA is an international association of professionals who work in probation, parole, and community-based corrections. The APPA is a non-profit organization founded in Houston, Texas in 1974 and is now based in Lexington, Kentucky. The APPA's membership in the United States includes more than 1,700 individual probation or parole officers, and more than 200 state and local probation and parole agencies, who together employ more than 25,000 probation and parole professionals. All told, the APPA represents the interests of the probation and parole officers who supervise more than five million individuals on probation and parole.

The APPA provides training, education, and technical assistance to its members in support of its mission to promote a fair and effective system of community justice for individuals in the parole and probation system. The APPA conducts two major conferences each year; publishes a quarterly journal, *Perspectives*, dedicated to issues of concern to the probation and parole community; and conducts both on-site and online training programs for its members on a year-round basis.

As part of its work, the APPA has focused on ways in which the parole and probation systems can be improved to better reintegrate offenders back into society. The APPA has found that restoring the right to vote to people with criminal records who have been released from incarceration is of critical importance to that mission. As detailed below, providing released offenders with the right to vote gives them an important stake in the community, allows them to reintegrate as full-fledged members of the community rather than second-class citizens, allows them to teach their children the importance of voting, and provides many other community benefits. Accordingly, in 2007, the APPA adopted a formal resolution advocating for the full "restoration of voting rights upon completion of an offender's prison sentence," and for no loss of voting rights while on community supervision."[1] In addition, the Executive Director of the APPA has testified before Congress on the importance of restoring voting rights.[2] The APPA has also filed an amicus brief in

---

[1] Am. Probation & Parole Ass'n, *Reslution Supporting Restoration of Voting Rights* (Sept. 2007), goo.gl/zz5uCj.

[2] *Democracy Restoration Act of 2009: Hearing on H.R. 3335 Before the Subcomm. On the Constitution, Civil Rights & Civil Liberties of the H. Comm. on the Judiciary*, 111th Cong. 59 (2010) (statement of Carl Wicklund, Exec. Dir., Am. Probation & Parole Ass'n).

at least three other cases in support of restoring voting rights to people with criminal records.[3]

The APPA thus has deep knowledge of the parole and probation systems in Mississippi and elsewhere around the country, and a strong commitment to the importance of voting rights to the reintegration of people who have committed offenses into the community. In this light, the APPA respectfully submits this brief to emphasize the importance of restoring the right to vote to individuals upon their release from prison, to explain how arbitrarily disenfranchising citizens following completion of their sentence, probation, and/or parole does not serve – and in fact undermines – the rehabilitation and reintegration of offenders and negatively impacts their communities.

## AUTHORITY TO FILE

Leave to file a brief *amicus curiae* lies in the discretion of the Court. This discretion should be exercised liberally, especially where matters of public interest are involved. "Even when a party is well represented, an amicus may provide

---

[3] *See Farrakhan v. Gregoire*, 623 F.3d 990 (9th Cir. 2010); *Voice of the Ex-Offender v. State of Louisiana*, Dkt. No. 2017-CA-1141, 2018 La. App. LEXIS 885 (La. Ct. App. May 9, 2018); *Hand v. Scott*, Case No. 18-11388 (11th Cir. June 28, 2018).

important assistance to the court." *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002).

"Some friends of the court are entities with particular expertise not possessed by any part to the case . . . . Still others explain the impact a potential holding might have on an industry or other group." *Id*. Amicus briefs are regularly accepted by courts, since a "restrictive policy with respect to granting leave to file may also create the perception of viewpoint discrimination." *Id*. at 133.

This *amicus* brief explores and analyzes a central legal issue in this case: the impact of Mississippi's felon disenfranchisement law both on the disenfranchised individuals, as well as the communities to which they return following release. As an association representing the interests of those individuals that work closest with people impacted by Mississippi's felon disenfranchisement laws, the American Probation and Parole Association is uniquely situated to address the Court regarding the impact of Mississippi's felon disenfranchisement laws on recently released individuals and efforts to reintegrate those individuals into society. Plaintiffs-Appellees' brief does not dedicate significant time to the impacts of Mississippi's felon disenfranchisement law on recently released individuals' ability to reintegrate into society, as well as the law's impacts on the communities in which released individuals return. Accordingly, this brief does not repeat facts or legal arguments

already in the principal briefs, and focuses instead on points not adequately or properly addressed in the Plaintiffs-Appellees' brief. 5th Cir. R. 29.2.

## CONCLUSION

The American Probation and Parole Association, as movant and as prospective *amicus curiae* respectfully requests leave to file the attached *amicus curiae* brief in support of Plaintiff-Appellees and reversal. The Plaintiff-Appellees have consented to the filing of this brief, as noted in the Certificate of Conference. The Secretary of State, as Defendant-Appellant, has not consented to the timely filing of this brief, as explained in the Certificate of Conference.

November 6, 2019

Respectfully submitted,

/s/ Louis Petrich

Counsel for *amicus curiae*

## CERTIFICATE OF CONFERENCE

Counsel for *amicus curiae*, the American Probation and Parole Association, has conferred with counsel for Plaintiffs-Appellees, and their clients consent to the relief requested in this *amicus* brief.

Counsel for *amicus curiae* has also conferred with counsel for Defendant-Appellant, who indicated that Defendant-Appellant would not consent to the submission of this *amicus* brief.

November 6, 2019

/s/ Louis Petrich

Counsel for *amicus curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be filed electronically with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on November 6, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

November 6, 2019

/s/ J. Sakai
An employee of BALLARD SPAHR LLP