# In the United States Court of Appeals
# for the Fifth Circuit

### No. 19-60662

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated; HERMAN PARKER, JR., individually and on behalf of a class of all others similarly situated; WALTER WAYNE KUHN, JR., individually and on behalf of a class of all others similarly situated; BYRON DEMOND COLEMAN, individually and on behalf of a class of all others similarly situated; JON O'NEAL, individually and on behalf of a class of all others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of all others similarly situated,

*Plaintiffs-Appellees*,

v.

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

*Defendant-Appellant.*

*(For Continuation of Caption See Reverse Side of Cover)*

On appeal from the United States District Court
for the Southern District of Mississippi, Northern Division
District Court Case No. 3:18-CV-188-DPJ-FKB

### MOTION TO FILE A BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLEES AND REVERSAL

Clark M. Neily III
Jay R. Schweikert
CATO INSTITUTE
1000 Mass. Ave., NW
Washington, DC 20001
(202) 842-0200
cneily@cato.org

Shana-Tara O'Toole
700 Pennsylvania Avenue SE #560
Washington, DC 20003
(202) 558-6683
shana@idueprocess.org

David J. Weiner
Andrew T. Tutt
Kyle Lyons-Burke
ARNOLD & PORTER
    KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
andrew.tutt@arnoldporter.com

Avishai D. Don
ARNOLD & PORTER
    KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
avishai.don@arnoldporter.com

*Counsel for Amici Curiae*

November 6, 2019

---

**Consolidated with 19-60678**

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated; HERMAN PARKER, JR., individually and on behalf of a class of all others similarly situated; WALTER WAYNE KUHN, JR., individually and on behalf of a class of all others similarly situated; JON O'NEAL, individually and on behalf of a class of all others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of all others similarly situated; BYRON DEMOND COLEMAN, individually and on behalf of a class of all others similarly situated,

*Plaintiffs-Appellees Cross-Appellants,*

– v. –

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

*Defendant-Appellant Cross-Appellee.*

---

## MOTION TO FILE A BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLEES

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), *amici curiae* the Cato Institute, DKT Liberty Project, and the Due Process Institute respectfully move for leave to submit an *amicus* brief in support of Plaintiffs.

*Amici* timely notified counsel of record for both parties prior to filing that *amici* intended to submit the attached *amicus* brief. Counsel for Plaintiffs consented. Counsel for Defendant Delbert Hosemann, in his official capacity as the Secretary of State of Mississippi, declined to consent.[1]

*Amici* meet all of the Rule 29 criteria for amicus participation. Rule 29 provides that (1) *amici* must have a sufficient "interest" in the case, and (2) *amici's* brief must be "desirable" and discuss matters "relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(A), (B); *see*

---

[1] When *amici* requested Defendant's consent to file an amicus brief, counsel for Defendant responded that, due to the expedited schedule, Defendant could not "consent to the filing of your brief without first reviewing the brief and the issues raised in it." In an effort to minimize unnecessary briefing, *amici* provided a draft copy of the *amicus* brief to permit that review. Shortly after receiving the draft, counsel for Defendant informed *amici* that Defendant not only declined to consent but intended to file a response in opposition to this motion.

*Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 129 (3d Cir. 2002) (Alito, J.); *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991) (reasoning that an *amicus* brief need only be "useful or otherwise necessary to the administration of justice"). These requirements are amply met here.

To the degree there is any doubt, "it is preferable to err on the side of granting leave" to file. *Neonatology*, 293 F.3d at 133. If an *amicus* brief is unhelpful, the Court can disregard it "without much trouble." *Id.* "On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance." *Id.* Rejecting *amicus* briefs "may also create at least the perception of viewpoint discrimination." *Id.*

*Amici* have a substantial interest in this case. The Cato Institute is a nonpartisan public-policy research foundation dedicated to advancing the principles of individual liberty, free markets, and free government. The DKT Liberty Project was founded in 1997 to promote individual liberty against encroachment by all levels of government. The Due Process Institute is a nonprofit, bipartisan, public interest organization that works to honor, preserve, and restore procedural

fairness in the criminal justice system. *Amici* are concerned about the tremendous social, political, and economic costs that accompany mass disenfranchisement resulting from the toxic combination of overcriminalization and disenfranchisement for comparatively minor crimes. *Amici* thus have a significant interest in challenging strict laws on disenfranchisement, which result in a significant proportion of citizens being disenfranchised for relatively minor crimes.

*Amici*'s brief will aid the Court's consideration of this case. The brief explains that the original understanding of the drafters and enactors of the Fourteenth Amendment was that disenfranchisement should only apply to major crimes, akin to treason or murder. The brief further explains the social costs of disenfranchisement, particularly in this era of overcriminalization.

For the foregoing reasons, the motion to file the brief of *amici curiae* should be granted.

November 6, 2019

Respectfully submitted,

s/ *Andrew Tutt*

Clark M. Neily III
Jay R. Schweikert
CATO INSTITUTE
1000 Mass. Ave., NW
Washington, DC 20001
(202) 842-0200
cneily@cato.org

David J. Weiner
Andrew T. Tutt
Kyle Lyons-Burke
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
andrew.tutt@arnoldporter.com

Shana-Tara O'Toole
700 Pennsylvania Avenue SE #560
Washington, DC 20003
(202) 558-6683
shana@idueprocess.org

Avishai D. Don
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
avishai.don@arnoldporter.com

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing brief of *amici curiae* was filed electronically on November 6, 2019 and will, therefore, be served electronically upon all counsel.

s/ *Andrew Tutt*

Andrew T. Tutt

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that

1.     This motion complies with the type-volume limitation of Fed. R. App. 27(d)(2) because this motion contains 560 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2.     This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word and is set in Century font in a size equivalent to 14 points or larger.

s/ *Andrew Tutt*
Andrew T. Tutt