No. 19-60662
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT
_____

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated; HERMAN PARKER, JR., individually and on behalf of a class of all others similarly situated; WALTER WAYNE KUHN, JR., individually and on behalf of a class of all others similarly situated; BYRON DEMOND COLEMAN, individually and on behalf of a class of all others similarly situated; JON O'NEAL, individually and on behalf of a class of all others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of all others similarly situated,

*Plaintiffs-Appellees*

V.

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

*Defendant-Appellant*

(*Continuation of Caption on Following Page*)
_____

**On Appeal from the United States District Court
for the Southern District of Mississippi**
_____

## SECRETARY OF STATE HOSEMANN'S OPPOSITION TO APPA'S MOTION TO FILE AMICUS CURIAE BRIEF

Krissy C. Nobile, MSB # 103577
Justin L. Matheny, MSB # 100754
STATE OF MISSISSIPPI
ATTORNEY GENERAL'S OFFICE
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3824
knobi@ago.ms.gov
justinmatheny@ago.ms.gov

*Counsel for Defendant-Appellant Cross-Appellee Secretary of State Delbert Hosemann*

_____

**Consolidated with No. 19-60678**

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated; HERMAN PARKER, JR., individually and on behalf of a class of all others similarly situated; WALTER WAYNE KUHN, JR., individually and on behalf of a class of all others similarly situated; JON O'NEAL, individually and on behalf of a class of all others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of all others similarly situated; BYRON DEMOND COLEMAN, individually and on behalf of a class of all others similarly situated,

*Plaintiffs-Appellees Cross-Appellants*

V.

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

*Defendant-Appellant Cross-Appellee*

_____

# **CERTIFICATE OF INTERESTED PARTIES**

*Case No. 19-60662 consolidated with No. 19-60678*

Undersigned counsel certifies that the following listed persons have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

1. Dennis Hopkins, Herman Parker, Jr., Walter Wayne Kuhn Jr., Byron Demond Coleman, Jon O'Neal, and Earnest Willhite, Plaintiffs-Appellees Cross-Appellants;

2. Janet A. Gochman, Isaac Rethy, Jonathan K. Youngwood, Nihara Karim Choudhri, Tyler A. Anger, Simpson, Thacher & Bartlett, LLP, Attorneys for Plaintiffs-Appellees Cross-Appellants;

3. Paloma Wu, Lisa S. Graybill, Caren E. Short, Nancy G. Abudu, The Southern Poverty Law Center, Attorneys for Plaintiffs-Appellees Cross-Appellants;

4. Secretary of State Delbert Hosemann, in his official capacity, Defendant-Appellant Cross-Appellee;

5. Justin L. Matheny, Krissy C. Nobile, Mississippi Office of the Attorney General Attorney, Attorneys for Defendant-Appellant Cross-Appellee.

SO CERTIFIED, this the 18th day of November, 2019.

/s/ *Krissy C. Nobile*
Krissy C. Nobile

# OPPOSITION TO THE AMERICAN PROBATION AND PAROLE ASSOCIATION'S MOTION FOR LEAVE TO FILE <u>AMICUS CURIAE BRIEF</u>

Defendant-Appellant Cross-Appellee the Mississippi Secretary of State, in his official capacity, opposes the American Probation and Parole Association's ("APPA") motion for leave to file its amicus curiae brief for three reasons.

This appeal arises out of constitutional challenges to Article 12, Sections 241 and 253 of the Mississippi Constitution. Section 241 provides for disenfranchisement of convicted felons for certain disqualifying offenses. But Mississippi law also provides discretionary mechanisms for felons to regain voting rights. These discretionary mechanisms include gubernatorial pardons pursuant to Mississippi Constitution Article 5, Section 124, as well as suffrage bills passed by the Mississippi Legislature under Article 12, Section 253.

The Hopkins plaintiffs did not seek to expedite this case in the district court—nor did the Hopkins plaintiffs file for a temporary restraining order or a preliminary injunction. However, after this Court granted jurisdiction over this appeal pursuant to 28 U.S.C. Section 1292(b), the appeal was expedited—including both the briefing and the oral argument.

With the appeal being expedited, the APPA's proposed amicus brief was filed just two days before the Secretary's response and reply brief. Specifically, the APPA filed their motion for leave to file an amicus brief on November 6, 2019, and the

Secretary's response and reply brief was due on November 8, 2019. Oral argument is also calendared for December 3, 2019. Because of the expedited nature of this appeal, the Secretary first opposes the APPA's proposed amicus brief due to the lack of a meaningful opportunity to fully respond—especially in light of the fact that the APPA raises new arguments.

Second, the Secretary opposes the APPA's proposed brief because it raises new arguments that plaintiffs have never asserted. For instance, the APPA wrongly argues that Section 241 is "premised on the intent of the 1890 state legislature to disenfranchise black male voters." APPA Br. at 6.

However, the Hopkins plaintiffs **have never asserted** a race-based equal protection challenge to *dis*enfranchisement under Section 241—and the APPA can't raise that claim for plaintiffs on appeal. *See Voices for Int'l Business and Education, Inc. v. NLRB*, 905 F.3d 770, 775 n.6 (5th Cir. 2018) ("[W]e do not consider arguments raised by an amicus that the party it is supporting never made."); *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 752 n.3 (5th Cir. 2009) ("It is well-settled in this circuit that 'an amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal.'") (citation omitted); *Christopher M. by Laveta McA. v. Corpus Christi Ind. Sch. Dist.*, 1991 WL 96505, 933 F.2d 1285, 1292 (5th Cir. 1991); *Corrosion Proof Fittings v. EPA*, 947 F.2d 1201, 1208 (5th Cir. 1991).

Third, and relatedly, the APPA's brief is riddled with misstatements. For instance, the APPA incorrectly asserts that the Hopkins plaintiffs "do not object to automatic disenfranchisement based on rape or murder[.]" APPA Br. at 6. Yes, the Hopkins plaintiffs do. They contend that states may *only* "temporarily abridge" suffrage of any felon, and their claim under the Eighth Amendment is a class action *facial challenge* to felon disenfranchisement *vel non*.

Worse still, the APPA makes other misstatements as well. For instance, they incorrectly claim that there are 161,159 disenfranchised felons who have completed their sentence. APPA Br. at 7. That number is neither in the record nor accurate—which is why plaintiffs don't rely on it. Hopkins Br. at 8 ("Nearly 50,000 individuals were convicted of disenfranchising offenses…More than 29,000 of these individuals have completed their sentences.").

Thus, in light of the expedited nature of this appeal; the fact that the APPA raises new arguments that plaintiffs have never asserted; and the myriad of misstatements in the APPA's proposed amicus brief, the Secretary of State opposes the APPA's motion for leave to file its amicus curiae brief.

                       Respectfully submitted,

                       **SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity**

        **BY:  JIM HOOD, ATTORNEY GENERAL**

By:   /s/ *Krissy C. Nobile*
       Justin L. Matheny (Bar No. 100754)
       Krissy C. Nobile (Bar No. 103577)
       STATE OF MISSISSIPPI
       OFFICE OF THE ATTORNEY GENERAL
       P.O. Box 220
       Jackson, MS 39205
       Telephone: (601) 359-3824
       justinmatheny@ago.ms.gov
       knobi@ago.ms.gov

       *Counsel for Secretary of State Delbert*
       *Hosemann, in his official capacity*

## **CERTIFICATE OF SERVICE**

I, Krissy C. Nobile, certify that I electronically filed this brief with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all counsel of record.

Dated: November 18, 2019.

*/s/ Krissy C. Nobile*
Krissy C. Nobile
Counsel for the Secretary of State

# **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS**

This brief complies with word limitations of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32, it contains 656 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally-spaced typeface, including serifs, using Word, in Times New Roman 14-point font, except for the footnotes, which are in proportionally-spaced typeface, including serifs, using Word in Times New Roman 12-point font.

                      Respectfully submitted,

                      */s/ Krissy C. Nobile*
                      Krissy C. Nobile
                      Counsel for the Secretary of State