**No. 19-60662**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated; HERMAN PARKER, JR., individually and on behalf of a class of all others similarly situated; WALTER WAYNE KUHN, JR., individually and on behalf of a class of all others similarly situated; BYRON DEMOND COLEMAN, individually and on behalf of a class of all others similarly situated; JON O'NEAL, individually and on behalf of a class of all others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of all others similarly situated,

*Plaintiffs-Appellees*

V.

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

*Defendant-Appellant*

(*Continuation of Caption on Following Page)*

---

**On Appeal from the United States District Court for the Southern District of Mississippi**

---

# SECRETARY OF STATE HOSEMANN'S OPPOSITION TO THE CATO AMICI'S MOTION TO FILE AMICUS CURIAE BRIEF

Krissy C. Nobile, MSB # 103577
Justin L. Matheny, MSB # 100754
STATE OF MISSISSIPPI
ATTORNEY GENERAL'S OFFICE
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3824
knobi@ago.ms.gov
justinmatheny@ago.ms.gov

*Counsel for Defendant-Appellant Cross-Appellee Secretary of State Delbert Hosemann*

---

**Consolidated with No. 19-60678**

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated; HERMAN PARKER, JR., individually and on behalf of a class of all others similarly situated; WALTER WAYNE KUHN, JR., individually and on behalf of a class of all others similarly situated; JON O'NEAL, individually and on behalf of a class of all others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of all others similarly situated; BYRON DEMOND COLEMAN, individually and on behalf of a class of all others similarly situated,

*Plaintiffs-Appellees Cross-Appellants*

V.

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

*Defendant-Appellant Cross-Appellee*

---

# CERTIFICATE OF INTERESTED PARTIES

***Case No. 19-60662 consolidated with No. 19-60678***

Undersigned counsel certifies that the following listed persons have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

1. Dennis Hopkins, Herman Parker, Jr., Walter Wayne Kuhn Jr., Byron Demond Coleman, Jon O'Neal, and Earnest Willhite, Plaintiffs-Appellees Cross-Appellants;

2. Janet A. Gochman, Isaac Rethy, Jonathan K. Youngwood, Nihara Karim Choudhri, Tyler A. Anger, Simpson, Thacher & Bartlett, LLP, Attorneys for Plaintiffs-Appellees Cross-Appellants;

3. Paloma Wu, Lisa S. Graybill, Caren E. Short, Nancy G. Abudu, The Southern Poverty Law Center, Attorneys for Plaintiffs-Appellees Cross-Appellants;

4. Secretary of State Delbert Hosemann, in his official capacity, Defendant-Appellant Cross-Appellee;

5. Justin L. Matheny, Krissy C. Nobile, Mississippi Office of the Attorney General Attorney, Attorneys for Defendant-Appellant Cross-Appellee.

SO CERTIFIED, this the 18th day of November, 2019.

/s/ *Krissy C. Nobile*
Krissy C. Nobile

**OPPOSITION TO THE CATO INSTITUTE, DKT LIBERTY PROJECT, AND THE DUE PROCESS INSTITUTE'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Defendant-Appellant Cross-Appellee the Mississippi Secretary of State, in his official capacity, opposes the Cato Institute, DKT Liberty Project, and the Due Process Institute's ("Cato Amici") motion for leave to file an amicus curiae brief for two reasons.

This appeal arises out of constitutional challenges to Article 12, Sections 241 and 253 of the Mississippi Constitution. Section 241 provides for disenfranchisement of convicted felons for certain disqualifying offenses. But Mississippi law also provides discretionary mechanisms for felons to regain voting rights. These discretionary mechanisms include gubernatorial pardons pursuant to Mississippi Constitution Article 5, Section 124, as well as suffrage bills passed by the Mississippi Legislature under Article 12, Section 253.

The Hopkins plaintiffs did not seek to expedite this case in the district court—nor did the Hopkins plaintiffs file for a temporary restraining order or a preliminary injunction. However, after this Court granted jurisdiction over this appeal pursuant to 28 U.S.C. Section 1292(b), the appeal was expedited—including both the briefing and the oral argument.

With the appeal being expedited, the Cato Amici's proposed amicus brief was filed just two days before the Secretary's response and reply brief. Specifically, the Cato Amici filed their motion for leave to file an amicus brief on November 6, 2019, and the Secretary's response and reply brief was due on November 8, 2019. Oral argument is also calendared for December 3, 2019. Because of the expedited nature of this appeal, the Secretary first opposes the Cato Amici's proposed brief due to the lack of a meaningful opportunity to fully respond—especially in light of the fact that the Cato Amici raise new arguments.

Second, the Secretary opposes the Cato Amici's proposed brief because it raises new arguments that plaintiffs ***have never asserted***. For instance, unlike plaintiffs, the Cato Amici complains that Mississippi (like some other states) only disenfranchises for some, but not all, felonies.[1] This is an argument plaintiffs never asserted. *See Voices for Int'l Business and Education, Inc. v. NLRB*, 905 F.3d 770, 775 n.6 (5th Cir. 2018) ("[W]e do not consider arguments raised by an amicus that the party it is supporting never made."); *World Wide Street Preachers Fellowship v.*

[1] Nonetheless, as this Court in *Shepherd v. Trevino*, 575 F.2d 1110 (5th Cir. 1978) held: "We do not read *Richardson* to hold that the realm of state discretion in disenfranchising persons convicted of felonies is limited to the disenfranchisement of all felons or none." *Id*. at 1114; *see also Harvey v. Brewer*, 605 F.3d 1067, 1074 (9th Cir. 2010) (O'Connor, J., sitting by designation) ("[A] far better reference point for determining whether a crime is serious is to look at how the crime is designated by the modern-day legislature[.]"); *id.* at 1075 ("The judiciary should not substitute its judgment as to [the] seriousness [of a crime] for that of a legislature[.]") (citations and quotations omitted).

*Town of Columbia*, 591 F.3d 747, 752 n.3 (5th Cir. 2009) ("It is well-settled in this circuit that 'an amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal.'") (citation omitted); *Christopher M. by Laveta McA. v. Corpus Christi Ind. Sch. Dist*., 1991 WL 96505, 933 F.2d 1285, 1292 (5th Cir. 1991); *Corrosion Proof Fittings v. EPA*, 947 F.2d 1201, 1208 (5th Cir. 1991).

Also unlike plaintiffs, the Cato Amici maintain that states *can* exclude felons from suffrage—but only for "the most serious crimes." Cato Br. at 4. This also is an argument plaintiffs never asserted—and it otherwise fails under binding precedent.

*Richardson v. Ramirez*, 418 U.S. 24 (1974) held that Section 2 provides an affirmative sanction for states to disenfranchise *all* felons. *Shepherd v. Trevino*, 575 F.2d 1110, 1114 (5th Cir. 1978) (*Richardson* focused on "a state's power to disenfranchise persons convicted of a felony[.]"). Nevertheless, the Cato amici says that Section 2's "other crime" language means only "a crime of similar wrongfulness to the act of engaging in rebellion." Cato Br. at 4.

According to the Cato Amici, "the phrase 'other crime' should be narrowed by the clause's use of the word 'rebellion.'" Cato Br. at 11. But an amicus and the respondent at oral argument in *Richardson* said the same thing. *See* Br. of ABA Amicus, 1973 WL 172333, at *5 (Dec. 28, 1973) ("other crime" was "coupl[ed] with participation in rebellion'"); *id*. at *19-20 ("other crime" "outlawed political

activities related to the rebellion"); *Richardson v. Ramirez* Oral Argument at 37:17-38-18; 41:44-42:38 (respondent arguing that, in the "context" of Section 2, "other crimes" means "other crimes related to the rebellion") (January 15, 1974).[2] Simply put, the *Richardson* Court expressly *rejected* the Cato Amici's construction of Section 2.

Thus, in light of the expedited nature of this appeal and the fact that the Cato Amici raises new arguments that plaintiffs have never asserted, the Secretary of State opposes the Cato Amici's motion for leave to file their amicus curiae brief.

Respectfully submitted,

**SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity**

**BY: JIM HOOD, ATTORNEY GENERAL**

By: /s/ *Krissy C. Nobile*___________
Justin L. Matheny (Bar No. 100754)
Krissy C. Nobile (Bar No. 103577)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3824
justinmatheny@ago.ms.gov
knobi@ago.ms.gov

*Counsel for Secretary of State Delbert Hosemann, in his official capacity*

[2] *Available at* https://www.oyez.org/cases/1973/72-1589 (last visited Nov. 7, 2019).

**CERTIFICATE OF SERVICE**

I, Krissy C. Nobile, certify that I electronically filed this brief with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all counsel of record.

Dated: November 18, 2019.

*/s/ Krissy C. Nobile*
Krissy C. Nobile
Counsel for the Secretary of State

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS**

This brief complies with word limitations of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32, it contains 850 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally-spaced typeface, including serifs, using Word, in Times New Roman 14-point font, except for the footnotes, which are in proportionally-spaced typeface, including serifs, using Word in Times New Roman 12-point font.

Respectfully submitted,

*/s/ Krissy C. Nobile*
Krissy C. Nobile
Counsel for the Secretary of State