No. 19-60662

# United States Court of Appeals For the Fifth Circuit

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated; HERMAN PARKER, JR., individually and on behalf of a class of others similarly situated; WALTER WAYNE KUHN, JR., individually and on behalf of a class of others similarly situated; BYRON DEMOND COLEMAN, individually and on behalf of a class of others similarly situated; JON O'NEAL, individually and on behalf of a class of others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of others similarly situated,

*Plaintiffs-Appellees,*

-*v*-

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

*Defendant-Appellant.*

*(For Continuation of Caption See Next Page)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION
DISTRICT COURT CASE NO. 3:18-CV-188-DPJ-FKB

**PROPOSED SUFFICIENT BRIEF FOR *AMICI CURIAE* AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI AND MISSISSIPPI STATE CONFERENCE NAACP FOR PLAINTIFFS-APPELLEES CROSS-APPELLANTS AND REVERSAL**

| | |
|---|---|
| Carroll Rhodes<br>Law Offices of Carroll Rhodes<br>Mississippi NAACP<br>P.O. Box 588<br>Hazlehurst, MS 39083<br>(601) 894-1464<br>crhodes6@bellsouth.net | Joshua Tom<br>ACLU of MS<br>233 East Capitol Street<br>Jackson, MS 39201<br>(601) 354-3408<br>jtom@aclu-ms.org |

*Counsel for Amici Curiae*

i

Consolidated with 19-60678

DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated; HERMAN PARKER, JR., individually and on behalf of a class of all others similarly situated; WALTER WAYNE KUHN, JR., individually and on behalf of a class of all others similarly situated; JON O'NEAL, individually and on behalf of a class of all others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of all others similarly situated; BYRON DEMOND COLEMAN, individually and on behalf of a class of all others similarly situated,

*Plaintiffs-Appellees Cross-Appellants*,

– v. –

SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,

*Defendant-Appellant Cross-Appellee*.

# SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS

No. 19-60662, *Dennis Hopkins, et al. v. Secretary of State Delbert Hosemann, in his official capacity*, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. Pursuant to Federal Rule of Civil Procedure 29(a)(4)(E), (i) a party's counsel did not author the brief in whole or in part; (ii) a party or a party's counsel did not contribute money that was intended to fund preparing or submitting the brief; and (iii) a person—other than the amicus curiae, its members, or its counsel—did not contribute money that was intended to fund preparing or submitting the brief. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**AMICI:**

American Civil Liberties Union of Mississippi
"ACLU of MS"
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408

Mississippi State Conference
National Association for the Advancement of Colored People
"Mississippi NAACP"
1072 W Lynch Street Suite 10
Jackson, MS 39203

**ATTORNEYS FOR AMICI:**

| | |
|---|---|
| Joshua Tom | Carroll Rhodes |
| ACLU of MS | LAW OFFICES OF |

| | |
|---|---|
| 233 East Capitol Street<br>Jackson, MS 39201<br>(601) 354-3408<br>jtom@aclu-ms.org | CARROLL RHODES<br>Mississippi NAACP<br>P.O. Box 588<br>Hazlehurst, MS 39083<br>crhodes6@bellsouth.net |

**PLAINTIFFS-APPELLEES CROSS-APPELLANTS:**

The Appellants are Dennis Hopkins, Herman Parker, Jr., Walter Wayne Kuhn Jr., Byron Demond Coleman, Jon O'Neal, and Earnest Willhite.

**ATTORNEYS FOR PLAINTIFFS-APPELLEES CROSS-APPELLANTS:**

Paloma Wu
SOUTHERN POVERTY LAW CENTER
111 East Capitol Street, Suite 280
Jackson, Mississippi 39201
(601) 948-8882
Paloma.Wu@splcenter.org

Lisa Graybill
SOUTHERN POVERTY LAW CENTER
1055 St. Charles Avenue
New Orleans, Louisiana 70130
(504) 486-8982
Lisa.Graybill@splcenter.org

Nancy G. Abudu
Caren E. Short
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, Georgia 30031
(404) 521-6700
Nancy.Abudu@splcenter.org
Caren.Short@splcenter.org

Jonathan K. Youngwood
Janet A. Gochman
Isaac M. Rethy
Nihara K. Choudhri
Tyler Anger
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com
tyler.anger@stblaw.com

**DEFENDANT-APPELLANT CROSS-APPELLEE:**

The Appellee is Delbert Hosemann, in his official capacity as the Secretary of State of Mississippi.

**ATTORNEYS FOR DEFENDANT-APPELLANT CROSS-APPELLEE:**

Justin L. Matheny
Krissy C. Nobile
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

Telephone: (601) 359-3680
Facsimile: (601) 359-2003
jmath@ago.state.ms.us
knobi@ago.state.ms.us

/s/*Carroll Rhodes*

Carroll Rhodes
Law Offices of Carroll Rhodes
Mississippi NAACP
P.O. Box 588
Hazlehurst, MS 39083
(601) 894-1464
crhodes6@bellsouth.net

Joshua Tom
ACLU of MS
233 East Capitol Street
Jackson, MS 39211
(601) 354-3408
jtom@aclu-ms.org

*Counsel for Amici*

## STATEMENT REGARDING ORAL ARGUMENT

In light of the importance of this case to the citizens of Mississippi, amici respectfully submit that oral argument would aid the Court's resolution of the appeal.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ...................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ............................................ vi

TABLE OF CONTENTS ...................................................................................... vii

TABLE OF AUTHORITIES .............................................................................. viii

INTEREST OF *AMICI* ............................................................................................1

INTRODUCTION .....................................................................................................2

ARGUMENT .............................................................................................................3

I.　Section 241 Imposes a Severe Affirmative Disability Due to the Prevalence and Broad Powers of Elected Officials in Mississippi ...............................................3

　A.　The Elected Board of Supervisors Is Not Accountable to Disenfranchised Residents .................................................................................................................5

　B.　The State Court System is Not Accountable to Disenfranchised Residents . 6

　C.　Other Elected Officials Such as Tax Assessors and School Boards Are Not Accountable to Disenfranchised Residents .........................................................7

CONCLUSION ..........................................................................................................8

CERTIFICATE OF SERVICE ................................................................................10

CERTIFICATE OF COMPLIANCE .......................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Graham v. Florida*, 560 U.S. 48 (2010) ..................................................................3
*Kennedy v. Mendoza-Martinez,* 372 U.S. 144 (1963) ..........................................3, 8
*McLaughlin v. City of Canton, Miss.*, 947 F. Supp. 954 (S.D. Miss. 1995)..............4
*Smith v. Doe*, 538 U.S. 84 (2003) ........................................................................4, 8

**Statutes**

Miss Code Ann. § 41-59-51..........................................................................................6
Miss. Code Ann. § 17-1-3.............................................................................................6
Miss. Code Ann. § 17-17-5...........................................................................................6
Miss. Code Ann. § 19-3-41............................................................................................6
Miss. Code Ann. § 23-15-193.......................................................................................7
Miss. Code Ann. § 27-1-19............................................................................................7
Miss. Code Ann. § 27-1-23............................................................................................8
Miss. Code Ann. § 27-19-56..........................................................................................8
Miss. Code Ann. § 37-61-9............................................................................................7
Miss. Code Ann. § 37-7-209..........................................................................................7
Miss. Code Ann. § 37-7-301..........................................................................................7
Miss. Code Ann. § 41-3-43............................................................................................6
Miss. Code Ann. § 41-55-1............................................................................................6
Miss. Code Ann. § 9-11-2..............................................................................................7
Miss. Code Ann. § 9-7-1................................................................................................7
Miss. Code Ann. § 9-9-5................................................................................................7
Miss. Code Ann. §§ 17-1-1, et. seq................................................................................5
Miss. Code Ann. §§ 27-1-13......................................................................................7, 8
Miss. Code Ann. §§ 37-7-203........................................................................................7

**Other Authorities**

*County Government in Mississippi*, 5th ed. (2015) ..............................................4, 5

**Constitutional Provisions**

Miss. Const. art. VI, § 170 ..........................................................................................5

**INTEREST OF AMICI**

The American Civil Liberties Union of Mississippi ("ACLU of MS") is a statewide nonprofit, nonpartisan organization with nearly 1500 members dedicated to the principles of liberty and equality embodied in the U.S. Constitution and our nation's civil rights laws. A core mission of the ACLU of MS is to protect the rights of voters in Mississippi and to improve access to voting through litigation, advocacy, and lobbying efforts. Voting is the cornerstone of democracy. It is the fundamental right upon which all of our civil liberties rest. A strong and healthy democracy must include the voices of all citizens. The proper resolution of this case is thus a matter of substantial interest to the ACLU of MS and to its members.

The NAACP is a non-profit organization founded on the goal of achieving an equitable society for African Americans and communities of color. The right to vote is under constant threat of being diminished to a privilege instead of a guarantee to all United States citizens. One of the NAACP's principal objectives is to protect the right to vote, and the organization has spent all 110 years of its existence in pursuit of that goal. The Mississippi State Conference NAACP serves as the statewide arm of the NAACP, one of the country's oldest racial justice organizations. The Mississippi State Conference NAACP works toward eliminating race-based discrimination and has done so for almost a

century. Throughout its history, the Mississippi State Conference NAACP has actively fought for voting rights. The Mississippi State Conference NAACP has invested significant resources in efforts to expand American democracy and increase participation in the electoral process. The Mississippi State Conference NAACP has also fought to eliminate efforts by white officials in the State of Mississippi to intentionally disenfranchise African Americans and other protected minorities.

Accordingly, *amici* respectfully submit this amicus curiae brief in support of Plaintiffs-Appellees Cross-Appellants, urging this Court to reverse.

## INTRODUCTION

*Amici* file this brief in support of Plaintiffs-Appellees Cross-Appellants' contention that the lifetime disenfranchisement of felons in Mississippi pursuant to Section 241 of the Mississippi Constitution violates the Eighth Amendment's prohibition on cruel and unusual punishment. The lower court improperly adopted a bright line rule that Section 2 of the Fourteenth Amendment categorically exempts all felony disenfranchisement laws — regardless of severity or effect — from the Eighth Amendment's prohibition on cruel and unusual punishment. By so ruling, the lower court pointedly did not engage in any analysis of established Eighth Amendment jurisprudence, like the requirement that courts measure the

challenged punishment against "the evolving standards of decency that mark the progress of a maturing society." *Graham v. Florida*, 560 U.S. 48, 58 (2010). Likewise, the lower court never reached the question of whether Mississippi's felony disenfranchisement law constitutes a punishment for purposes of the Eighth Amendment pursuant to the seven factors set forth in *Mendoza-Martinez*. *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963) (enumerating factors to determine whether a sanction is penal or regulatory, including whether it imposes an "affirmative disability or restraint").

These arguments are separately addressed in the Plaintiffs-Appellees Cross-Appellants' brief and, in accordance with Fifth Circuit Rule 29.2, *Amici* will avoid their repetition. Instead, the purpose of this *Amici* brief is to demonstrate a narrower, yet potentially dispositive point: that the effects of Section 241 are so wide-ranging and so permeate daily life for disenfranchised Mississippians that it constitutes a severe "affirmative disability" under *Mendoza-Martinez*, 372 U.S. at 168-69, and is, therefore, penal for purposes of the Eighth Amendment.

## ARGUMENT

### I. Section 241 Imposes a Severe Affirmative Disability Due To the Prevalence and Broad Powers of Elected Officials in Mississippi

Section 241's disenfranchisement clause is penal for purposes of the Eighth Amendment because its effects constitute a severe "affirmative disability." *Mendoza-Martinez*, 372 U.S. at 168-69. In determining whether Section 241

3

imposes a severe disability, the court must look to "how the effects of [the law] are felt by those subject to it." *Smith v. Doe*, 538 U.S. 84, 99-100 (2003). As the Southern District of Mississippi explained in *McLaughlin*, disenfranchisement has "draconian consequences" because those prevented from voting are rendered "voiceless . . . while others choose the fiscal and governmental policies which will govern him and his family." *McLaughlin v. City of Canton, Miss.*, 947 F. Supp. 954, 971 (S.D. Miss. 1995).

In Mississippi, lifetime disenfranchisement adversely impacts nearly every aspect of daily life due to the sheer magnitude of elected offices in Mississippi. Those subject to Section 241 are not merely barred from participating in federal elections, or from voting for the Mississippi Governor. In Mississippi, every significant government office, whether state or county, is an elected position. Judges are elected. District Attorneys are elected. Sheriffs are elected. The tax assessors and collectors are elected. Local school boards are elected. Perhaps the most important elected bodies in local government are the county Boards of Supervisors. In Mississippi counties, the Boards of Supervisors have such broad mandates that their duties "touch virtually every facet of life. . . . [S]upervisors make decisions that directly impact economic development, public health, safety and welfare." Sumner Davis and Janet P. Baird, eds. *County Government in Mississippi*, 5th ed. (2015) at 20. Mississippi's 82 counties range in population, but

4

many have fewer than 10,000 residents, with the smallest having a population of less than 1500. *Id*. at 279-282. The impact of disenfranchisement in an electorate of a few thousand is devastating. County Boards of Supervisors and the myriad other elected officials have no incentive to be accountable to disenfranchised Mississippians, yet they regulate virtually every aspect of their lives, whether it be their children's schooling, the repair of the roads in front of their home, the amount of property taxes they pay, or local law enforcement policies. The effect of lifetime disenfranchisement in Mississippi is a severe "affirmative disability" because it bars individuals from any meaningful participation in the rules and structures that constitute the framework of daily life.

### A. The Elected Board of Supervisors Is Not Accountable To Disenfranchised Residents

Much of local life in Mississippi is regulated by each county's Board of Supervisors, which has no accountability to disenfranchised residents. The Board of Supervisors is the five-member locally elected executive body of each Mississippi county. Miss. Const. art. VI, § 170. The Mississippi Constitution delegates to the Boards of Supervisors "full jurisdiction over [county] roads, ferries, and bridges," *id*., but their powers have since expanded to cover nearly every facet of local life. The breadth of the Board's power is too great to itemize. For example, the Board of Supervisors has authority over land use, zoning, and building regulations. Miss. Code Ann. §§ 17-1-1 et. seq. The Board of Supervisors

5

provides for the county residents' garbage and waste disposal, including contracting for any house-to-house disposal services. Miss. Code Ann. § 17-17-5. The elected board has the power to establish county health departments, Miss. Code Ann. § 41-3-43, operate a public ambulance service, Miss. Code Ann. § 41-55-1, and establish emergency medical service districts. Miss Code Ann. § 41-59-51. It is the Board of Supervisors that imposes tax levies and contracts with collection agents to collect any delinquent taxes or fines. Miss. Code Ann. § 19-3-41. A resident that desires a nearby playground or public park relies on the Board of Authorities to establish one. Miss. Code Ann. § 17-1-3.

As the foregoing examples demonstrate, disenfranchisement means that residents have no power to influence any of the laws and regulations that impact their daily life. Whether it be a road in poor repair, a home that lacks effective or affordable waste disposal, or a neighborhood in need of a closer ambulance service, the Board of Supervisors has no incentive to accommodate the population of people subject to Mississippi's lifetime disenfranchisement law.

### B. The State Court System Is Not Accountable to Disenfranchised Residents

Because Mississippi judges and district attorneys are all elected officials, lifetime disenfranchisement renders both the criminal and civil justice systems wholly unaccountable to communities of people who have already finished their

felony prison sentences. Elected judges preside over Mississippi's court system, whether the case involves a small civil matter or a felony carrying a long sentence. *See, e.g.*, Miss. Code Ann. § 9-7-1 (circuit judges shall be elected); Miss. Code Ann. § 9-9-5 (county judges shall be elected); Miss. Code Ann. § 9-11-2 (justice court judges shall be elected). The local district attorney is elected, as is the county sheriff. Miss. Code Ann. § 23-15-193. These are the officials responsible for setting bail, issuing search warrants, maintaining the county jail, and generally determining how justice is administered in the community. There is no greater power of the government than the power of enforcing criminal laws because it can result in deprivation of liberty. Yet some of Mississippi's most vulnerable residents are barred from participating in the process that selects the individuals performing these powerful functions.

### C. Other Elected Officials Such as Tax Assessors and School Boards Are Not Accountable to Disenfranchised Residents

The power of elected officials reach into every aspect of community life. Elected school boards have the power to select district personnel, approve budgets, make school improvements, suspend students, and generally maintain and operate the schools in the district. *See* Miss. Code Ann. §§ 37-7-203; 37-7-209, 37-7-301, 37-61-9. Disenfranchised parents, therefore, have essentially no voice in the daily education of their children. Elected tax assessors inspect homes to determine property value for tax purposes. *See* Miss. Code Ann. §§ 27-1-13, 27-1-19, 27-1-

7

23. Even an application for a disabled parking placard must be signed by an elected tax collector or their deputy. Miss. Code Ann. §§ 27-1-13, 27-19-56.

The foregoing examples are just a sampling of the myriad ways the daily lives of disenfranchised Mississippians intersect with elected officials whom they have no power to select and policies they have no power to influence. The effects of lifetime disenfranchisement for Mississippi felons constitute a severe "affirmative disability." *Mendoza-Martinez*, 372 U.S. at 168-69; *Smith v. Doe*, 538 U.S. 84, 99-100 (2003). Accordingly, Mississippi's lifetime disenfranchisement law is penal for purposes of the Eighth Amendment.

## CONCLUSION

For the foregoing reasons, the Court should find that Section 241 imposes a severe "affirmative disability" and that the disenfranchisement sanction is penal. Accordingly, the district court's judgment should be reversed.

November 21, 2019                      Respectfully submitted,

/s/*Carroll Rhodes*
Carroll Rhodes
Law Offices of Carroll Rhodes
Mississippi NAACP
P.O. Box 588
Hazlehurst, MS 39083
(601) 894-1464
crhodes6@bellsouth.net

Joshua Tom
ACLU of MS
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
jtom@aclu-ms.org

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing brief of *amici curiae* was filed electronically on November 21, 2019 and will, therefore, be served electronically upon all counsel.

                                         */s/Carroll Rhodes*
                                         Carroll Rhodes

                                         *Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that

1, This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and 5th Cir. R. 32 because this brief contains 1707 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Cir. Rule 32.2.

2, This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word and is set in Times New Roman font in a size equivalent to 14 points or larger.

/s/ *Carroll Rhodes*
Carroll Rhodes

*Counsel for Amici Curiae*