Court of Appeals

For The Fifth Circuit et al,

Appeal From The Texas District

Court ; The Mississippi District

Court ; The SC Richland Court ;

The SC US District Court et al,

Docket No(s) 19-60662 ; 19-60678

et. al,

Lawrence L Crawford AKA Jonah

Gabriel Jah Jah T Tishbite et al,

Interested Parties

Vs.

1 of 58

U.S. COURT OF APPEALS
RECEIVED
JAN 07 2020
FIFTH CIRCUIT

Ron HARNES, MR Hopkins et Al., plaintiffs

RESPONDENTS

Vs.

DelBert Hoseman, SECRETARY of mississippi; The United States ET AL,

RESPONDENTS

Affidavit of ~~Facts~~ Giving Judicial Notice; motion to supplement the previously ~~filed~~ motion to interviene ; Notice seeking

2 of 58

LEAVE TO APPEAL PURSUANT to 13(a);
RENEWING the motion for RECUSAL;
motion for LEAVE to SUPPLEMENT
the MANDAMUS; motion to CHALLENGE
the SC District COURTs JURisdiction
; motion to STRIKE the REPORT AND
RECOMMENDATION due to FRAUD
UPON the COURT filing objections
RELATED thereto; motion to
EXCEED ANY page limits AND motion
to motion thereof

---

IN RE to CASES 19-60662; 19-60678;
9:19-CV-1400-TKW-BM; 4:18-CV-167-0
Et Al.

To: The 5th circuit court of Appeals,

The SC District Court Et Al,

(1) Here the 5th circuit will find Entries (27) And (28) with its Text Order Requiring Response to R&R in case 9:19-cv-1400-TLW-BM. The petitioner did Not Receive this document Entitled As, "Exhibit 1400 Fraud" Until December, 18, 2019. This gives the petitioner (4) days Until January 1, 2020 to seek

4 of 28

Leave to Appeal the Magistrate Judges Orders pursuant to Fed Rule 73(c). This makes this pleading timely being placed in the institution mailbox on December 27, 2019 pursuant to Houston v Lack, 287 US 266, 273-76, 108 Sct 2379 (1988).

The 5th Circuit would have personal, specific and general jurisdiction by the pleading that was argued under case 19-10011 now being sought transferred to case 19-60662 and 19-60628 still presently pending before

the 5th circuit by multi district
provisions as well as by the
claims of default and collateral
estoppel emerging from case 2013-
CP-400-0084 and the writ of
mandamus defaulted on by the
parties initially filed in case
19-1004. Since the mandamus was
never timely deferred by the
5th circuit and there were two
other related cases pending in
the 5th circuit the time the
mandamus was filed. The defen-
dants failure to timely respond

6 of 58

to the MANDAMUS AND its summons
Also filed in CASE 9:19-cv-1400 must
be deem valid And places All parties
involved in default And forfeiture.
This is Also ARGUED in CASE 4:18-cv-
167-0 that WAS REMANDED to the
TEXAS District COURT. Thus the Action
of the SC District court by producing
the R & R is directed At the 5th
circuit And the forum states of
mississippi And TEXAS WHERE
CASE 2013-CP-400-0084 is Now
petitioned REMOVED to that
COURT to Also protect OUR Right
to interVENE in these CASES

for centralization purposes under
the multi district litigation Rules.

specific jurisdiction is confined
to adjudication of issues deriving
from, or connected with, the
very controversy that establishes
jurisdiction such as our motioning
to intervene in these cases to
establish multi district litigation,
default on the MANDAMUS since
it was never timely deferred
and attaches to these cases and
the jurisdiction of the TRUSTEE
that emerges from both cases

2013-CP-400-0084 And 9/19-cv-1400,
GC SERVICES Limited PARTNERSHIP
v Little, 2019 WL 2647690 (SD Tex
2019); CRUZ v Love lace Health
Systems, Inc, 2019 WL 4016281
(DNm 2019); KLEIN v BAYER Health
CARE PhARmACEUTICALS Inc, 2019
WL 3945652 (DC New 2019).

The South cARolINA And
other defendants Action WERE
designed to hAVE A direct impact
on the Residents of the forum
States of mississippi And Texas
by their Efforts to conspire to

HAVE A mock proceeding UNDER CASE 4:18-CV-167-0 in Texas And to conceal the claims of default And collateral estoppel which Also directly impact the inmates seeking to restore their voting rights Argued in cases 19-60662 And 19-60678 before the 5th circuit. WHERE forum seeks to Assert specific jurisdiction over An out of state defendant who has not consented to suit there fair WARNING require-ment is satisfied if the de-

ffendants has purposefully directed his activities at residents of and the forum state itself which these corrupt judges Marchan and Wooten did, BURGER KING CORP. v RUDZE- WIEZ, 471 US 462, 105 SCt 2174 (US 1985) KEETON v HUSTLER MAGAZINE INC. SUPRA., GoodYEAR DUNLOP TIRES Operations S.A. v BROWN, 564 US 783, CALDER v JONES, 465 US 783, 104 SCt 1482 (US 1984) DAIMER A.G. v BAUMAN, 571 US 117, 134 SCt 746 (US 2014).

A court with general juris- diction, which the 5th circuit has

by the litigation filed in case
19-60011 which attaches to both cases
19-60662 and 19-60687, may hear
any claim against the defendant,
even if the incidents underlying
the claim occurred in another
state. I motion to expand the
scope and for inclusion and all
documents now sought filed in
cases 4:18-cv-167-0 in texas,
19-60662 and 19-60678 out of mississi-
ppi be now deemed filed in
case 9: 19-cv-1400 to establish
multi district litigation claims.
~~Ray v Fed Ex~~ Ground Package

12 of 58

Systems, Inc, F. Supp. 2018 WL 232 40 92 (D. Mass 2018) [Thomas E. Reynolds, As Trustee, Plaintiff v. Behrman Capital IV L.P. et al., defendants, 2019 WL 446 73 27 (N.D. Ala 2019) [Theorem, Inc. v. Citroshytic, LLC, 2019 WL 381 24 72 (D.N.J 2019) [Reddy v Buttar, 2019 WL 210 60 82 (D.C. N.C. 2019). Therefore I motion for leave to appeal these entries filed in case 9:19-CV-1400-In case 19-60662 and 19-60678 due to personal, specific, all purpose and general jurisdiction. Eagle, 2013 WL 1207 1668.

Inasmuch, I renew the previously filed motion for recusal of both Judges Marchant and Wooten. They are defendants in these multi district litigation cases. I motion to supplement the writ of mandamus to require that Judges Marchant and Wooten recuse themselves from these cases and that it be required that the report and recommendation be struck from the court record. I object to Judge Marchant's claim in the R&R that I failed to place the case in proper form by order entered August 20,

14 of 58

2019, that I was given opportunity to provide the necessary information and paperwork, to include complete summons form and USM-285 for defendants and that I was warned that failure to provide this information would result in dismissal.

marchant is lying and in acts of fraud upon the court he is suppressing truth and concealing material facts in violation of 18 USC §§ 242 and 1001. It is permissible for a plaintiff to amend once without the leave of the court until

the magistrate makes his initial
review. This did not occur until the
August 20, 2019 where it was at that
time I discovered that the sc dis-
trict court purposely in Acts of fraud
listed the defendants wrong as
they did in prior cases to allow
him to enter a fraudulent report.
If the defendants were listed
as it was intended the court
would have not been able to
make the false claim it made.
once he issued the order on
August 20, 2019 the time to amend
without leave expired forcing

16 of 58

me to file motion to seek leave to
Amend, to send copies of filed
documents to Allow me to Amend
and then give me A Reset on
the time to Amend once the
court Ruled on this motion seeking
leave to Amend the defendants.
The court then in fraud, viola-
ting his oath of office to uphold
the constitution failed to Rule on
those submitted motions when it
was his fiduciary duty As An
officer of the court to speak.
This extremely prejudiced the
plaintiff creating an inability

for me to know what was going on with the case because if amended it would have been clear that he was sitting upon his own case which would have voided his jurisdiction ab initio. Therefore I move to strike the R & R, seek this be supplemented to the mandamus as well as motion for declaratory judgment on this from the 5th circuit seeking leave to add this declaratory judgment as an issue on appeal under case 19-60662 and 19-60678. The structural error

18 of 58

of his sitting on his own case and
fraud voids the SC District courts
jurisdiction placing them in for-
feiture which I seek. The defen-
dents were purposely listed incor-
rectly by the court when I am
master to decide what law I will
rely upon violating Due Process
Rendering the proceedings Uncon-
stitutional. Kohler Die & Specialty
Co, 228 US 22, 33 Sct 410 (US 1913);
Caterpillar Inc v Williams, 482 US
386, 107 Sct 2425 (US 1987); Powers
v South Central United Foods &
Commericial Workers, ...., 719 F3d

19 of 58

760 (5th Cir 1983) ) Williams v Penn
sylvania, 136 set 1899, 195 L Ed 2d
132, 84 USLW 4359 (US 2016) United
States v Quinones, 2016 WL 4413149,
#6+ (SD W Va 2016). I motion to
supplement the mandamus to require
these two judges recusal and the
striking of the RIR and the
issues on appeal to seek declaratory
judgment.

Affidavits and documents
can be attached to the face of
the complaint for all purposes
which include for the purpose
of establishing who the

defendants are in the case and the causes of action against them, BRAZELL v WINDSOR, 384 SC 502, 682 SE2d 824 (SCApp. 2009) Epstein v World Acceptance corp, 2015 WL 236857 01 (DSC 2015); CARTER v SOUTH CAROLINA, 2014 WL 5325234 (DSC 2014).

Here the court and parties will also find:

(2) Exhibit, "MANDAMUS default". This is a copy of the Affidavit of facts Giving Judicial Notice; supplementing the

motion to intervene; the Notice
seeking leave to appeal and or
issues on appeal, and the mandamus;
motion for default and judgment
on the mandamus, (20) pages
dated November 10, 2019 filed
in cases 19-60011, 19-60662 and
19-60687 and other cases involved.

(3) A copy of the affidavit of
facts giving judicial notices motion
to supplement the issues on appeal;
motion to supplement the mandamus;
motion to challenge the Richland
courts jurisdiction to dismiss

CASE 2013-CP-400-0084; *** (62) PAGES DATED NOVEMBER 5, 2019 filed in the 5th circuit and Richland state case. I demand discovery.

I motion to strike the R&R because it is being submitted as an Act of machination, conspiracy and Fraud to circumvent the fact that the parties failed to timely challenge the Writ of mandamus placing all parties in default and forfeiture. The magistrate is procedurally barred due to the default on the mandamus. He cannot use the R&R as a

means to circumvent the and Wooten failure to timely plead related to the mandamus. All claims, issues, causes of action and objections argued in these two documents are submitted to file objections to the R&R. I move to strike it. They are procedurally barred and they have no jurisdiction due to the default from both these sources, United States v Benevides, 2016 WL 4221085 (MD FLA 2016) [Thompson-Derry v Us., F.Supp.2d, 2004 WL 2828276 (ED Ohio 2004) | Peterson v Howe, 307 F.Supp.3d 927 (SD Ind 2018) | National Hockey League v.

Metropolitan Hockey club Inc, 427
US 639, 96 Sct 2778, 49 Lted2d 747
(US 1976) ; mitchell v. McCormick
county school District, 2019 WL 3776756
(DSC 2019). They ARE Not immune.

It does Not matter if the case,
19-60011 WAS REMANDED. It did Not
Negate the 5th circuits Fiduciary duty
to speak on the MANDAMUS since
there WAS a summons of (30) days
Attached to it. If the 5th circuit
knew in advance they intended
to Remand. Then to prevent the
default on the document from
being established. THEY WERE

25 of 58

REQUIRED to defer the mandamus on the court record before the (30) days expired which they failed to do establishing the validity of the default. Since THERE WERE two other cases pending, cases 19-60662 AND 19-60678, At the time the mandamus was filed. Though case 19-10011 WAS REMANDED. The default on the mandamus still attaches to the defendants due to the existence of the other two pending cases who ARE also a part of our multi-district litigation claims. Thus, since the 5th circuit failed to

26 of 58

timely deter the mandamus working
with the defendants in fraud since
they figured they can remand to
circumvent ruling. As long as those
other two cases were pending the
time of the filing of the mandamus
and they did not timely deter it.
Their silence is acceptance as to
the mandamus' validity. Thus the
SC District Court is procedurally barred
from submitting the R&R. I object.
Chimmeby's Management. Co. LLC v
Affiliated F.M Insurance Co., 152
F.Supp.3d 159 (2016) (Bauer v Quest
Communication Co. LLC, 743 F.Supp3d

27 of 58

221 (2014).

In such, I object to any claim there is no evidence of a conspiracy. Why would the parties feel they did not have to respond to the mandamus within the (30) day period unless they knew in advance that the case would be remanded to circumvent ruling? Why is Marchant and Wooten moving so quickly to dismiss this case to conceal the fact that the Richland Court didn't have jurisdiction due to removal to further prevent any intervening in

CASES 19-60662 And 19-60678 WHERE these matters ARE Also before the TEXAS COURT UNDER CASE 4:18-cv-1670 WHERE CASE 2013-cp-400-0084 is NOW REMOVED to, to protect it from ANY Additional FRAUD. The COURT UNDER CASE "1400" is conspiring to conceal the fact that the "0084" CASE WAS REMOVED to the Federal COURT AND the COURT UNDER CASE "0084" WAS divested of jurisdiction to hold the mock HEARING that occurred in the richland COURT on SEPTEMBER 26, 2019 Also due to APPEAL in the 5th circuit which is why that COURT

REMANDED. But they did not expect that the MANDAMUS would still be valid due to the other two pending cases. Due to removal to the SC District court and appeal in the 5th circuit still attached to cases 19-60662 And 19-60678 our claims of default and voiding of jurisdiction in the state case And default on the MANDAMUS is still valid due to state court divestment of jurisdiction. Ackerman v Exxon mobil corp. 734 F3d 237 (4th cir 2013), Espinoza v All state Texas Lloyds, 222 FSupp.3d 529 (WD Tex. 2016), Bartels by And

30 of 58

through Bartels v Saber Health Care
Group, LLC, 880 F3d 668 (4th Cir 2018);
International Energy Ventures
Management, LLC v United Energy
Group Ltd, 818 F3d 193 (5th Cir 2016).
This is enough for a jury trial.

I object to the R&R making
use of the PLRA when this was
a matter for the JURY where
congress as individuals were being
sued for initiating legislation that
disproportionately target African
Americans which was a cause
to be placed before the JURY
under case 9:18-cv-01408-TLW

31 of 58

thats to be REINSTATED due to Wooten
default on the MANDAMUS. This taints
the REPORT RENDERING it Unconstitu-
tional and void. You violated the
7th Amendment stipulations.

I object to the R&R stating
I AM A FREQUENT litigator filing over
(20) CASES. This WAS Addressed in
the (62) PAGE document Attached.
Since he REFERRED to these CASES
this OPENS the door to have ALL
those ORDERS VACATED due to those
CASES MAKING use of the PLRA
OR AEDPA which WE ARE suing
the United states AND CONGRESS

for enacting this unconstitutional legislative provision with the Clinton Bill of 1976. This was Required to be placed before the jury.

I object to any claim the R&R asserts that I failed to plead facts that set forth a cognizable claim. You didn't rule on the motion for leave to amend corrupt judge which caused this in fraud upon the court. Give discovery!

I object to any claim of rambling, incomprehensible or gibberish. If thats the case then the ACLU and congress

woman Sheila Jackson Lee Related
to H.R. Bill 40, the Southern
Poverty Law Center in cases 19-60662
And 19-60678 ARE doing the same
because WE ARE Addressing the
same concerns in multiple Districts.

I object to Any claim of the R&R
that I failed to include sufficiently
clear factual Allegations Against
Any NAMed defendants or
personal responsibility or wrong
doing or that it is frivolous or
that I Allege No specific facts
or conduct on the part of the

34 of 58

defendants and that the complaint
is silent as to the defendants.
You were silent corrupt judge on
my motion to Amend once I discovered
that you in fraud had the
defendants listed incorrectly.
Further you are procedurally
barred by the mandamus and "0884"
You have no jurisdiction where
these matters are before the
trustee via the mandamus default.

I object to the claim that I
am arguing supervisory liability
alone. supervisors can be held

liable for the Acts of their subordinates
if once given Notice they failed to
Act to prevent Unconstitutional
Action, And the supervisors
were directly involved by their
efforts to cover up and protect the
parties listed in the documents in
their wrongs via the Attachments
filed. You ARE proceedurally barred
in making this challenge and the
parties ARE in default via the
mandamus And case "0084"

I object to ANY claim I failed
to prove conspiracy. The Facts
As they present themselves

36 of 58

in this multi-district litigation speak for themselves. Also here attached the court will find:

(4) Exhibit "Justin Hunter".

You have the state actors falsely alleging there was a state grand jury meeting in his case which never occurred. You have it being announced on public radio about the stamping indictments and not taking them before the grand jury. This is evidence enough that is not conclusory. Conspiracy can be proven by circumstantial evidence, USv

37 of 58

BURTON, u Fed Appx' 328, 20u WL 640248 (A4 (20u); IANNELLI v US 420 US 770, 95 Sct 1284, 43 LEdsd 616. I hAVE A Right to discovERy.

ONce the defendants listed in total worked together collectively at various points and stages of the conspiracy in their meeting of the minds to conceal the default, voiding of jurisdiction and claims of collateral estoppel, also in Acts of fraud upon the court to allow the United States to attack, Affirmative Action in the Boston court And to con-

dirt A mock hearing in Texas
to destroy the ACA where they
were procedurally barred, directing
your activities at the residents
of these forum states. This and
All the other claims made
demonstrate clear cause of action
Also to burden the obligation of
the contract binding on the plaintiff
As well As denying Fiduciary
rights, Not "knight errand"
defaulted on under case "00844"
And by the mandamus. This is
sufficient to place the matters
before the jury which you violated

the 7th Amendment stipulations in case 9:18-cv-1408 to do. The United States is not named because the court purposely listed the defendants wrong and was silent, suppressing truth by not ruling on the submitted motions seeking leave to amend that was required once the initial review occurred. I object. Non party collateral estoppel attaches to the multi-district litigation cases, MORIN v INNEGRITY, LLC, 424 SC 559, 819 SE2d 131 (SC 2018) (concealing the estoppel is fraud voiding jurisdiction); SARA

V. Wilson, Appellant, V. Charleston County School District Respond - SE2d -, 2017 WL 1075196 (SC 2017).

The SC District Court is barred from raising any issues which were adjudicated in a former suit and any issue which might have been raised in the former suit. Also see Hardwick v Bank of America, N.A., 2016 WL 3563083 (DSC 2016); Park Lane Hosiery Co Inc v Shore, 439 US 322, 99 SCt 645, 58 LEd2d 552 (US 1979); Jones v Capinizzaro, 2019 WL 2289470 (EDLa 2019); Walker v Deutsche Bank National

44 of 58

Trust Company As Trustee For Argent Securities Inc, 2019 WL 699439 (SD Tex 2019). The retaliation in violation of ADA is clear.

We are not talking about the rights of a state trial. I object. It is clear from case 9:18-cv-01408-TLW which was defaulted on via the mandamus And all the other federal cases involved here that we are talking about A federal trial since they already defaulted at the state court level in case "0084". We are talking about centralizing multi-state and federal litigation

42 of 58

And 28 USC § 1407 Transfer Under multi District litigation Rules. The ADA Retaliation claims are clear as well as F.S.I.A. claims. The court is procedurally barred in challenging due to case "0084" And mandamus default which also present the 28 USC § 2679 claims. Removal And consolidation is proper by the F.S.I.A And multi District litigation tag along Rule 6.3. I object to any claim to the contrary. I motion to exceed the page limit for this document or it would prejudice me in Addressing the

fraud and establishing the juris-
dictional facts.

CENTRALIZATION is required. Where
common factual issues exist among
Actions in multi district litigation
such as TRUSTEE jurisdiction, default,
and collateral estopped as well as
fiduciary claims and other issues
As they exist in these cases. The
presence of different legal theories
Among the subject Actions is not
a bar to centralization. Centrali-
zation of Actions in multi district
litigation does not require a complete
identity of parties. The pendency

of related state court litigation
cannot be deemed a valid bar
to the centralization of actions in
multi district litigation. Centralization
is warranted in this case, In re:
Bank of New York Mellon Corp.
Foreign Exchange Trans Action
Litigation, 857 FSupp. 2d 1371 (2012);
In re Darvocet, Darvon and Propoxy-
phene Products Liability Litigation,
780 FSupp. 2d 1379 (2011); In re Mar-
riott International, Inc. Customer
Data Security Breach Litigation, 363
FSupp3d 1372 (2019).
         The law may say a prisoner
cannot act as a knight errand.

But the law does not say he could not act as fiduciary bound by contract protected under both Article 1 & 10 and Article IV of the US constitution where he appeared before a competent court to establish these rights. Thus use of Oxendine, 509 F2d 1407 is misplaced.

I object to any claim of immunity or that there is an absention doctrine related to these state cases. This was already addressed by the documents submitted as well as any claim of immunity. Also see (62) page document attached.

46 of 58

The court cannot make use of case 9:18-cv-01408 when they defaulted on the mandamus and the order must be deemed void. The court is procedurally barred.

I object to any claim of need to exhaust on any relevant state claims. Exhaustion requires use of the kiosk system which violates my religious beliefs. The state actors tell me one day I have to use it then they tell me I don't making the exhaustion process to confusing and exhaustion is

47 of 58

Not REQUIRED Under the F.S.I.A.
that they defaulted on Ross v Blake,
136 Set 1850 (2016).

I object to any claim that
I AM A citizen of South CAROLINA,
that No diversity of citizenship
Exist And I don't meet the money
Amounts Under 28 USC § 1332(a)
The lien Against the defendants
is set at · 100 Trillion Against the
global Assets of the 193 member
States of the United Nations. The
State Relief is over 5 Billion by
the pleading they defaulted on.
I denounce my AMERICAN citizen-

48 of 58

ship way before this case was filed
before the Federal courts invoking
the Israeli law of Return where
I seek to return home in the
future and sit upon the throne
of my Jewish fore-father King David.
I am legally by the proceedings
defaulted on under case "0084",
The fiduciary their, King, Khalifah,
Imam and high priest of the (1)
Global Thrones of the Re-established
Global Theocratic state. Unless
the parties can prove that they
timely filed to defeat these affida-
vits of default and voiding of
jurisdiction emerging from case

49 of 58

2013-CR-400-0084 and the WRIT of
MANDAMUS still pending before
CASES 19-60662 AND 19-60678? It
is CLEAR that diversity of citizen-
ship do EXIST. I object.

⎯ This Applies to the 5th circuit
for failing to RULE ON the MAN-
damus AND its default then got
caught "flat footed" because it
didn't REALIZE that despite the
remand of CASE 19-60011 THERE
WHERE still two other cases
pending before the court that
the MANDAMUS legally attaches

to due to the court's failure to timely defer the mandamus making it valid and true, as well as the sc district court failing to rule on the motion seeking leave to amend, sending of documents and reset on time limits to be in compliance to any order.

Silence can equate with fraud when there is a legal and moral duty to speak as it was in both instances. Knowing failure to disclose material information necessary to prevent statements

51 of 58

From being misleading is FRAUD.
Public officials concealing material
information As Fiduciary to the
public is FRAUD such As concealing
the default And collateral estoppel
to conduct And move forward in
cases within different districts,
US v KORN, F.supp. 2d, 2013 WL 2898056
(WDNY 2013) ; JONLEY v Com, 1998 WL
684203 (4th Cir 1998) ; SEE v FARMER
F.supp. 3d, 2015 WL 5838867 (SD Tex.
2015) ; US v MOSBERG, 866 F.supp. 2d 275
(DNJ 2011) ; US v WECHT, F.supp. 2d, 2008
WL 2223869 (WD Pa 2008).
     All Acts, ORDERS, judgments

or decrees may be collaterally attacked for fraud upon the court. This applies to the Acts, orders, judgments and decrees of all courts on record which can be attacked at anytime. The power to vacate judgments for fraud upon the court is free from procedural limitations which include fraud by officers of the court where such Acts effect the integrity of the normal process. United States v Conrad, 675 Fed Appx' 263, 265 CA4

(Nc 2017) ; Fox Ex Rel Fox v Elk Run Coal Co Inc, 739 F3d 131, 87 Fed. R. Serv. 3d 534 (4th Cir 2014) ; MDC Innovations, LLc v Northern - Fed App' - , 2018 WL 1129607 (4th Cir 2018); Hamer v Neighborhood Housing Services of Chicago, 138 SCt 13, 199 LEd2d 249 (Us 2017); Phillips v Brock & Scott PLLc, 2017 WL 3226866 (DC Md 2017).

Suppression of truth with intent to deceive is fraud. Fraudulent concealment without any misrepresentation or duty to disclose can constitute fraud.

54 of 58

EVEN AS SENCE of Fiduciary duty,
Statutory, or other independent
legal duty to disclose MATERIAL
information, common law FRAUD
includes Acts taken to conceal,
created A false impression, mis-
lead, or otherwise deceive to
prevent Another from Acquiring
material information such as
the default And voiding of jurisdic-
tion in case "0084" And the de-
fault on the mandamus in the
5th circuit. Therefore, be in
compliance with the mandamus.
STRIKE this REPORT. TRANSFER

55 of 58

the REPRESENTATIVE members to
A FEDERAL PRE-RELEASE CAMP. PlACE
All matters before the TRUSTEE
to allow her to TRANSFER ANY other
RELEVANT matter to NEW JERSEY.
The lien is established As well
As All RELIEF demanded in
the state case. GIVE US FREE!
Judge Jacquelyn Austin defaulted
on the mandamus. JURISdiction
lies before her As TRUSTEE. I motion
to supplement the motion to
intervene in All (3) CASES
19-10011, 19-60662 And 19-60678.

56 of 58

with what is argued in this document to establish my right to intervene. I motion to supplement the mandamus to have all demanded done. I motion to supplement the issues on appeal to seek declaratory judgment to have these matters resolved. I challenge the SC district courts jurisdiction and seek leave to appeal pursuant to Rule 23(a) and personal, specific, general and all purpose jurisdiction over the out of state parties involved, Myles v Dominos Pizza, LLC, 2017

WL 238436 (DC Miss 2017); PAUL
ADAMS V CALIFORNIA Institution,
2016 WL 6464444 ( IN RE: DURA-
MAX DIESEL Litigation - FRD-, 2018
WL 949856 (ED Mich 2018); United
State V PALIN, 874 F3d 418 (4th Cir
2017) ; SEVEN Networks, LLC V ZTE
(USA), Inc, 2018 WL 2421147, #14
(ND Tex 2018); Apicore US LLC V
Beloteca Inc, 2019 WL 1746079, #34,
EID. Tex. Let my people go PHAROAH!

Respectfully,
Jahjah Al Mahdi

DECEMBER 27, 2019.

58 of 58