Lawrence L. Crawford
300839
Lieber Correctional Institution
Edisto B-17
P.O. Box 205
Ridgeville, SC 29472



Exhibit

" 1400 Fraud "

z

File in Cases 19-60662

Aptd 19-60678

```
MIME-Version:1.0
From:SCDEfilingstat@scd.uscourts.gov
To:scd_ecf_nef@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge Bristow Marchant (marchant_ecf@scd.uscourts.gov), Honorable Terry L Wooten
(wooten_ecf@scd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<9390826@scd.uscourts.gov>
Subject:Activity in Case 9:19-cv-01400-TLW Lawrence L. Crawford v. Judge J. Newman et al Report and Recommendation
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of South Carolina**

**Notice of Electronic Filing**

The following transaction was entered on 12/9/2019 at 8:50 AM EST and filed on 12/9/2019

| | |
|---|---|
| **Case Name:** | Lawrence L. Crawford v. Judge J. Newman et al |
| **Case Number:** | 9:19-cv-01400-TLW |
| **Filer:** | |
| **Document Number:** | 28 |

**Docket Text:**
**REPORT AND RECOMMENDATION of Magistrate Judge Bristow Marchant. Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff is further advised that this Report and Recommendation constitutes notice to him of material defects in his filings. Objections to R&R due by 12/23/2019. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. Signed by Magistrate Judge Bristow Marchant on 12/09/2019. (egra, )**

**9:19-cv-01400-TLW Notice has been electronically mailed to:**

**9:19-cv-01400-TLW Notice will not be electronically mailed to:**

Lawrence L. Crawford
300839
Lieber Correctional Institution
Edisto B-17
P.O. Box 205
Ridgeville, SC 29472

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=12/9/2019] [FileNumber=9390824-0
] [33c9ed8234a52095cea4fb32a596731c3f284ca1d1353b48b536533f822b3578b1f
a8ad788f0a299a12d83da534d423f70d473ee1f7ce6ebdf8130131e835339]]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence L. Crawford, *a/k/a Jonah Gabriel, a/k/a Jahjah T. Tishbite, a/k/a Jahjah Al Mahdi, a/k/a the King of the North,*<br><br>Plaintiff,<br><br>vs.<br><br>Judge J. Newman, Director Bryan Stirling, Dorm Manager Lt. Reed, General Counsel Annie Rumler, Capt. Brighthart, Warden Williams, Barton Vincent,<br><br>Defendants. | ) C/A No. 9:19-1400-TLW-BM<br>)<br>)<br>)<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) [prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court]. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## PAYMENT OF THE FILING FEE:

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.* See 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. See 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. See 28 U.S.C. § 1915(a), (b). As the court has granted Plaintiff permission to proceed in forma pauperis, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.**

---

*Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350. The $50 administrative fee, however, is not applicable to in forma pauperis cases.



**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall **not** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED**.

_____
Bristow Marchant
United States Magistrate Judge

December 6, 2019
Charleston, South Carolina

2

2

```
MIME-Version:1.0
From:SCDEfilingstat@scd.uscourts.gov
To:scd_ecf_nef@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge Bristow Marchant (marchant_ecf@scd.uscourts.gov), Honorable Terry L Wooten
(wooten_ecf@scd.uscourts.gov)
--Non Case Participants: SCDC 1983 Fin Ltr (hingle.angela@doc.sc.gov)
--No Notice Sent:

Message-Id:<9390823@scd.uscourts.gov>
Subject:Activity in Case 9:19-cv-01400-TLW-BM Lawrence L. Crawford v. Judge J. Newman et al Order - 1983 - No Service
Content-Type: text/html
```

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of South Carolina

**Notice of Electronic Filing**

The following transaction was entered on 12/9/2019 at 8:48 AM EST and filed on 12/9/2019
**Case Name:** Lawrence L. Crawford v. Judge J. Newman et al
**Case Number:** 9:19-cv-01400-TLW-BM
**Filer:**
**Document Number:** 27

**Docket Text:**
**ORDER directing Clerk not to authorize service and advising plaintiff to notify Clerk in writing of any change of address. Plaintiff has incurred a debt to the U.S.A. in the amount of $350.00. Signed by Magistrate Judge Bristow Marchant on 12/06/2019. (egra, )**

**9:19-cv-01400-TLW-BM Notice has been electronically mailed to:**

**9:19-cv-01400-TLW-BM Notice will not be electronically mailed to:**

Lawrence L. Crawford
300839
Lieber Correctional Institution
Edisto B-17
P.O. Box 205
Ridgeville, SC 29472

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=12/9/2019] [FileNumber=9390821-0
] [4f67166bf952fb49ac09f01df2b1231fa124fb6e5050c5f9cb48b157b8ab77b41d6
6183fcd29f6c02c2432fb6f45f3668497f89859a64110e20cecc205ec7181]]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Lawrence L. Crawford, *a/k/a Jonah Gabriel, a/k/a*
*Jahjah T. Tishbite, a/k/a Jahjah Al Mahdi, a/k/a*
*the King of the North,*

              Plaintiff,

vs.

Judge J. Newman, Director Bryan Stirling, Dorm
Manager Lt. Reed, General Counsel Annie Rumler,
Capt. Brighthart, Warden Williams, Barton
Vincent,

              Defendants.

)   C/A No. 9:19-1400-TLW-BM
)
)
)
)
)
)   **REPORT AND RECOMMENDATION**
)
)
)
)
)
)
)
)

The Plaintiff, Lawrence L. Crawford, also known as Jonah Gabriel, also known as

Jahjah T. Tishbite, also known as the King of the North, proceeding pro se and in forma pauperis,

brings this action pursuant to 42 U.S.C. § 1983 (see Complaint, ECF No. 1 at 6, 17).[1] A frequent

litigator who has filed over twenty cases in this Court,[2] Plaintiff is currently an inmate at the Lieber

Correctional Institution, part of the South Carolina Department of Corrections (SCDC). Plaintiff has

filed a lengthy Complaint with supplemental materials. ECF No. 1, 1-1, and 1-2. Thereafter, he filed

---

[1] Plaintiff also asserts that he brings this action pursuant to Bivens v. Six Unknown Named
Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). See ECF No. 1 at 6, 17. However,
although the United States Supreme Court in Bivens established a remedy for plaintiffs alleging
certain constitutional violations by federal officials to obtain monetary damages in suits against
federal officials in their individual capacities, Bivens, 403 at 397, Plaintiff here does not name a
federal official as a defendant.

[2] A district court may take judicial notice of materials in the court's own files from prior
proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) [holding that the district
court had the right to take judicial notice of a prior related proceeding]; see also Fletcher v. Bryan,
175 F.2d 716 (4th Cir. 1949).

hundreds of pages of supplementary pleadings with attachments. ECF Nos. 5, 6, 9, 10, 11, 14, 15, 19, 20, 22, 23, 24, 25.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow for the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

### Discussion

In his rambling 70-page Complaint, Plaintiff alleges that Defendants have conspired to interfere with his civil actions filed in federal and state (South Carolina) courts. However, Plaintiff

2



fails to allege sufficient facts to state a constitutional or other federal claim, as his allegations are so generally incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments, or "gibberish," that it is unclear what is to be made of them. See Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) [Noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]; see also Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2nd Cir. 1998); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[Affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face]. Other than alleging that Defendant Judge Newman (who is entitled to judicial immunity as discussed below) impermissibly reopened one of Plaintiff's state court cases, Plaintiff generally just alleges that all of the Defendants conspired against him. Plaintiff fails to include sufficiently clear factual allegations against any of the named Defendants of any personal responsibility or personal wrongdoing in connection with the alleged violation of any of his constitutionally protected rights.

Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "a short and plain statement" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 [requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"]. As such, the Complaint is both frivolous and fails to state a claim on which relief can be granted as to the named Defendants. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ["Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his

3

name appearing in the caption, the complaint is properly dismissed."]; Newkirk v. Circuit Court of City of Hampton, No. 3:14CV372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) [complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading]; see also Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003); Black v. Lane, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); Walker v. Hodge, 4 F.3d 991, 1993 WL 360996, at * 2 n.2 (5th Cir. 1993); Banks v. Scott, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014). In the absence of substantive allegations of wrongdoing against each of the named Defendants, there is nothing from which this court can liberally construe any type of plausible cause of action arising from the Complaint against them. See Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996)[statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless].

Additionally, Plaintiff has named defendants who appear to be sued only in their supervisory capacities. However, in a § 1983 action, a plaintiff must plead facts indicating that a defendant acted personally in the alleged deprivation of his constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); Faltas v. South Carolina, No. 3:11–3077–TLW–SVH, 2012 WL 988105, at *4 (D.S.C. Jan. 27, 2012), adopted by, 2012 WL 988083 (D.S.C. Mar. 22, 2012), aff'd 489 F. App'x 720 (4th Cir. 2012). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See, e.g., Reaves v. Richardson, No. 4:09-820-TLW-SVH, 2011 WL 2119318, *6 (D.S.C. Mar. 1, 2011) ["Without such personal involvement, there can be no liability under section 1983"], adopted by, 2011 WL 2112100 (D.S.C. May 27, 2011); Fox v. Drew, No. 8:12-cv-421-MGL, 2013 WL 4776706, *11 (D.S.C. Sept. 4,

4

2013)[explaining that a defendant is liable in his individual capacity only for his personal wrongdoing], aff'd 563 F. App'x 279 (4th Cir. 2014).

Moreover, to establish a civil conspiracy under § 1983, a Plaintiff must present evidence that the Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right. Glassman v. Arlington Cnty., 628 F.3d 140 (2010)(citing Hinkle v. City of Clarksburg, 81 F.3d 416 (4th Cir.1996)). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Hinkle, 81 F.3d at 421. The factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan", and a plaintiff's allegations must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 421-422. Here, Plaintiff offers only conclusory allegations of an agreement or meeting of the minds between the Defendants which fail to state a claim for civil conspiracy, such that these claims are subject to summary dismissal. See generally Ashcroft v. Iqbal, 556 U.S. at 677-679; Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)[conclusory allegations of conspiracy between private attorney and state officer insufficient to support § 1983 claim]. To the extent that Plaintiff is also attempting to assert a conspiracy pursuant to 42 U.S.C. §§ 1985 and/or 1986, such conclusory claims are also subject to summary dismissal. See Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995) [The Fourth



5

Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts."].[3]

To the extent that Plaintiff alleges that his Seventh Amendment rights were violated because the Defendants (it is unclear which Defendant(s) allegedly did what) conspired to prevent him from having a jury trial in certain civil actions filed in state court, he fails to state a claim. The Seventh Amendment of the United States Constitution preserves the right of a trial by jury in suits at common law. U.S. Const. amend VII. However, a demand for a jury trial does not itself raise a federal question. Nalls v. Countrywide Home Servs., LLC, 279 F. App'x 824, 825 (11th Cir. 2008). Moreover, a jury "has no role with respect to dismissals for failure to state a claim or lack of subject matter jurisdiction." Johnson v. United States, 323 F. App'x 310 (5th Cir.2009) (citing Barrett v. Indep. Order of Foresters, 625 F.2d 73, 75 (5th Cir.1980). Further, many procedural devices that diminish "the civil jury's historic domain have been found not to be inconsistent with the Seventh Amendment." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979) [citing various examples of procedural devices that have been held not to violate the Seventh Amendment]; see also Bock v. Gavenus, 108 F. App'x 91, 92 (4th Cir. 2004)[finding that a claim that the summary dismissal of two civil actions with prejudice violated the plaintiff's Seventh Amendment right to a trial by jury was without merit]. These procedural devices include: directed verdict, see, e.g., Galloway v. United States, 319 U.S. 372, 388 (1943); motion to set aside verdict, see, e.g., Gasoline Prods. Co. v. Champlin Ref. Co., 283 U.S. 494, 496 (1931); and summary judgment, see, e.g., Fid. & Deposit Co. of Md. v. United States, 187 U.S. 315, 320 (1902); cf. Walker v. KM. & S. P. R. Co., 165 U.S. 593,

---

[3]Viability of a § 1986 claim is based on the antecedent § 1985 claim. If the 1985 claim is dismissed, the § 1986 claim also fails. Buschi v. Kirven 775 F.2d 1240, 1243 (4th Cir. 1985); Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985).



596 (1897)["The [S]eventh [A]mendment... does not attempt to regulate matters of pleading or practice ...."]. Additionally, a Seventh Amendment claim as to a civil jury trial right in state court is meritless because this right has not been extended to the states through the Fourteenth Amendment. Letendre v. Fugate, 701 F.2d 1093, 1094 (4th Cir. 1983); McArthur v. Clark, No. 5:05–CV–634–FL, 2006 WL 4759223, at *5 (E.D.N.C. May 24, 2006); Everett v. Crossroads, No. 5:04–CV–805–BR, 2004 WL 3591320, at *1 (E.D.N.C. Nov. 4, 2004). "State court proceedings are not governed by the Seventh Amendment, but by corresponding provisions in state constitutions." Boyd v. Bulala, 672 F.Supp. 915, 921 (W.D.Va.1987).

Plaintiff also states that this Court has jurisdiction in this case under the Americans with Disabilities Act (ADA) "via retaliation." ECF No. 1 at 6. To state a prima facie retaliation claim under the ADA, a plaintiff must prove (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action. See Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 154 (4th Cir. 2012). However, this retaliation provision only protects against retaliation that is based on the fact that the plaintiff "opposed any act or practice made unlawful by [the ADA]" or "made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a); Reynolds, 701 F.3d at 154. Here, Plaintiff fails to state such a claim.

Plaintiff also appears to assert that he is bringing claims under 28 U.S.C. §§ 1602-1612 (also known as the Foreign Sovereign Immunities Act of 1976) and 28 U.S.C. § 2679 (the Federal Tort Claims Act or FTCA). ECF No. 1 at 18. However, there is no foreign state involved in the present case and Plaintiff fails to allege any facts or provide anything to show that the Foreign Sovereign Immunities Act applies. Additionally, Plaintiff has not alleged any facts as to any claim

7

under the FTCA, he has only named state employees as Defendants, and he has not named the United States as a Defendant. A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Sheridan v. Rendell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). Further, there is no indication that Plaintiff has exhausted his FTCA administrative remedies, which must be exhausted prior to filing an action in federal court. See 28 U.S.C. § 2675, 28 C.F.R. § 14.2.

As noted above, Plaintiff submitted numerous pleadings after his Complaint. In some of those, he appears to be attempting to add defendants and/or claims. However, to the extent that Plaintiff is attempting to amend his Complaint, he must file a proposed amended complaint pursuant to Fed. R. Civ. P. 15. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001)["As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."](citation and internal quotation marks omitted); see also 6 Charles Allan Wright et al., Federal Practice and Procedure § 1473 (3d ed. 2017)["A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case...."].

Plaintiff also appears to be trying to consolidate this case with a previous case he filed in this court (9:18-1408) and/or case(s) he filed in the District Court for the District of New Jersey, the First Circuit Court of Appeals, and/or the Third Circuit Court of Appeals. Federal Rule of Civil Procedure 42(a) provides that the Court may consolidate actions "[i]f actions before the court involve a common question of law or fact." Where multiple lawsuits arise from the same operative facts and

8



involve substantially the same witnesses, consolidation is appropriate. De Figueredo v. TransWorld Airlines, Inc., 55 F.R.D. 44 (S.D.N.Y. 1971); Young v. City of Augusta, Ga. Through Devaney, 59 F.3d 1160, 1168 (11th Cir. 1995); Clarke v. Cash, 840 F.Supp. 158, 159-161 (D.D.C. 1993); Pinehurst Airlines, Inc. v. Resort Air Services, Inc., 476 F.Supp. 543 (M.D.N.C. 1979). However, in this case Plaintiff's request to consolidate should be denied as it is clear that Plaintiff's pending cases involve different defendants, different operative facts, and presumably different witnesses. Further, Plaintiff himself chose to file these cases as separate actions.

Plaintiff also appears to be attempting to remove cases he filed in the South Carolina courts into this action. To the extent that Plaintiff is attempting to remove a case in which he is a plaintiff, he may not do so, as a state court action may be removed to federal court only by a defendant. See 28 U.S.C. §§ 1441(a)[4], 1443,[5] and 1446(a).[6] Further, some of the state court or other actions Plaintiff is attempting to remove and/or consolidate may involve claims of other inmates, and to the extent that Plaintiff is attempting to assert claims on behalf of another inmate, he may not do so. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans

---

[4]This statute provides:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.
28 U.S.C. § 1441(a)(emphasis added).

[5]This statute provides that certain civil actions "commenced in a State court may be removed by the **defendant...**" 28 U.S.C. § 1443 (emphasis added).

[6]This statute provides:
A **defendant or defendants** desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States....
28 U.S.C. § 1446(a)(emphasis added).

9



United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99

(1968)[a district court, when determining whether a plaintiff has standing to sue, must focus on the

status of the party who has filed the complaint, such that the merits of the case are irrelevant]; Lake

Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); Hummer v. Dalton, 657 F.2d 621, 625-626

(4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for others]. Cf. Oxendine v. Williams, 509

F.2d 1405, 1407 (4th Cir. 1975)[a pro se prisoner cannot be an advocate for others in a class action].[7]

Additionally, Defendant Newman is a judge and as such is entitled to absolute judicial

immunity from suit for all actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9

(1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517

(4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith,

771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a

claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226

(1991) [immunity presents a threshold question which should be resolved before discovery is even

allowed]; accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of

---

[7]To the extent that Plaintiff is attempting to have this Court interfere with his state cases, the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 (1971), and its progeny preclude this Court from interfering with the ongoing proceedings, as Plaintiff can raise these issues in the state court proceedings. The Younger doctrine applies to civil proceedings that "implicate a State's interest in enforcing the orders and judgment of its courts." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, (2013)(internal quotation marks omitted). Thus, to the extent that Plaintiff is seeking injunctive or declaratory relief as to his pending state cases, his claims are barred under the Younger doctrine, although the abstention principles established in Younger may not require dismissal of a claim for damages. See, e.g., Lindsay v. Rushmore Loan Mgmt., Servs., LLC, No. PWG-15-1031, 2017 WL 167832, at *1, 4 (D. Md. Jan. 17, 2017)["causes of action for damages, such as Plaintiffs', may be stayed but not dismissed on Younger abstention grounds](citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721 (1996)).



10

United States District Judges and United States Circuit Judges]. Therefore, Defendant Newman is entitled to dismissal as a party Defendant from this lawsuit in any event.

This action is also subject to summary dismissal because it is clear from the face of the Complaint that Plaintiff has not exhausted his available administrative remedies. Before a prisoner can proceed with a lawsuit in federal court, he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" Woodford v. Ngo, 548 U.S. 81 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; Jones v. Bock, 549 U.S. at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th

11

Cir. 2005). The Fourth Circuit has stated that exceptions to the rule (that an inmate need not

demonstrate exhaustion of administrative remedies in his complaint and that failure-to-exhaust is

an affirmative defense that the defendant must raise) which allow a court to <u>sua sponte</u> dismiss a

complaint for failure to exhaust administrative remedies are rare. <u>Custis v. Davis</u>, 851 F.3d 358,

361-362 (4th Cir. 2017). Here, however, Plaintiff admits that the SCDC has a grievance procedure

at his institution, but that he decided that he does not have to exhaust because he believes the

grievance procedure is too complicated. <u>See</u> ECF No. 1 at 64.[8]

It should also be noted that Plaintiff does not appear to set forth a cognizable request

for relief. In the "Relief" section of his Complaint, Plaintiff fails to list the relief he seeks and merely

writes: "SEE ATTACHED SHEETS." ECF No. 1 at 63. He states that he gives the court "judicial

notice" that all relief sought under case number 9:18-cv-01408-TLW-BM is now sought in the newly

filed action." ECF No. 1 at 62. However, the Court should not be forced to scour Plaintiff's

previously filed actions to determine the relief Plaintiff requests in the current action. Plaintiff

instead should simply state the relief he requests. Further, review of the prior case indicates that

Plaintiff failed to properly assert a request for relief in the referenced case.[9] Were this Court to find

---

[8]If Plaintiff later exhausts his administrative remedies with respect to his claims, he can
address this defect, if he can, in the filing of a new action. <u>See</u>, <u>e.g.</u>, <u>Brockington v. South Carolina
Dep't of Soc. Servs.</u>, No. 17-1028, 2017 WL 1531633 (4th Cir. 2017)[Noting that <u>pro se</u> Plaintiff
should be provided an opportunity to amend his complaint to cure defects prior to a dismissal];
<u>Evans v. Richardson</u>, No. 17-1144, 2017 WL 2294447 (4th Cir. May 25, 2017)[same]; <u>Breyan v. All
Medical Staff</u>, No. 17-6186, 2017 WL 2365232 (4th Cir. May 31, 2017)[same].

[9]As noted in the report and recommendation in that case:
Additionally, Plaintiff has not set forth a cognizable request for relief. In the "Relief"
section of his Amended Complaint, he writes:
Relief sought for the issue of PLRA and related provisions besides
rendering them unconstitutional after jury trial determination has

(continued...)

12



that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion; such action is barred by Article III of the Constitution. <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975); <u>see also</u> <u>Bowler v. Young</u>, 55 F. App'x 187, 188 (4th Cir. 2003); <u>Norvell v. Sangre de Cristo Dev. Co.</u>, 519 F.2d 370, 375 (10th Cir. 1975) [federal courts do not render advisory opinions].

Even if Plaintiff is attempting to obtain monetary relief, the Defendants (who all appear to be employees of the State of South Carolina) are entitled to Eleventh Amendment immunity in their official capacities as to any claims for monetary damages. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. <u>See</u> <u>Alden v. Maine</u>, 527 U.S. 706 (1999); <u>College Savs. Bank v. Florida Prepaid Educ. Expense Bd.</u>, 527 U.S. 666 (1999); <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44 (1996)(reaffirming <u>Hans v. Louisiana</u>, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978); <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 61-71 (1989); <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from

---

[9](...continued)
already been stated.
<u>Crawford v. South Carolina Dep't of Corrs.</u>, No. 18-1408, 2018 WL 9662788, at *5 (D.S.C. Oct. 16, 2018), <u>adopted by</u> 2019 WL 4640970 (D.S.C. Oct. 24, 2019)

13



the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945)); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. Rather, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

To the extent that Plaintiff is attempting to assert claims, such as fraud, under South Carolina law, such claims should be dismissed if the above recommendations are adopted, as only the state law claims would survive, and federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). As Plaintiff has asserted no valid federal claim, this Court should not exercise supplemental

14

jurisdiction over any state law claim.[10] See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's dismissal of state law claims when no federal claims remained in the case]. Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999)["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. Thus, any state law claims should be dismissed without prejudice.

Finally, it should be noted that Plaintiff has failed to bring his case into proper form. By Order entered August 20, 2019, Plaintiff was given an opportunity to provide the necessary information and paperwork, to include completed summons forms and completed Forms USM-285 for the Defendants.[11] Plaintiff was further specifically warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. See ECF No. 16. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Rule 41, Fed.R.Civ.P. See Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S.

---

[10]While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, Plaintiff and the Defendants all appear to be citizens of South Carolina, such that diversity of citizenship does not exist.

[11]Plaintiff previously provided a summons form and a Form USM-285 only for Defendant Newman. He requests that the summonses and Forms USM-285 from a previously filed case (9:18-1408) be used in this case. However, Plaintiff names Defendants here who were not named in the previous case. Plaintiff was provided with forms to complete, but failed to do so.



1084 (1990) [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].

<u>**Recommendation**</u>

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff is further advised that this Report and Recommendation constitutes notice to him of material defects in his filings. <u>See, e.g.</u>, <u>Goode v. Cent. Virginia Legal Aid Soc'y, Inc.</u>, 807 F.3d 619, 623 (4th Cir. 2015); <u>Brockington v. South Carolina Dept. of Social Service</u>, No. 17-1028, 2017 WL 1531633 (4th Cir. April 28, 2017) [Noting that <u>pro se</u> Plaintiff should be provided an opportunity to amend his complaint to cure defects prior to a dismissal].

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

December 6, 2019
Charleston, South Carolina

16



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).





# South Carolina Court Administration
## South Carolina Supreme Court
## Columbia, South Carolina

1220 SENATE STREET, SUITE 200
COLUMBIA, SOUTH CAROLINA 29201

September 17, 2018

Justin G. Hunter #377111
Kirkland R&E Center
4344 Broad River Rd.
Columbia, SC  29201

Dear Mr. Hunter:

This is in response to your letter that we received on September 6, 2018, requesting information so that you might contact the Court Reporter who covered the April 12-13, 2016, meeting of the State Grand Jury.  Please note that our records do not show that the State Grand Jury met that week, however, Judge Clifton Newman who you mention in your letter was in Richland County that week.  His Court Reporter was Keshia Reed.  Ms. Reed can be contacted at PO Box 12190, Florence, SC  29504-2190.  As you requested, we have enclosed a copy of your letter to us.

Sincerely,

Staff Attorney/sdw

Enclosure as stated

*Exhibit*
*Justin Hunter* 4

*File in Case 19-60662 / 19-60678*

*Court of Appeals*

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

## UNITED STATES ~~DISTRICT COURT~~

for the ___5th circuit___

Lawrence L Crawford

_____ )
Plaintiff/Petitioner )
)
Delbert Hoseman et al ) Civil Action No. 19-60662
_____ )
Defendant/Respondent )

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. _If incarcerated._ I am being held at: ___LEE CI 990 Wisacky Hwy SC___
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. _If not incarcerated._ If I am employed, my employer's name and address are:




My gross pay or wages are: $ _____0_____ , and my take-home pay or wages are: $ _____0_____ per

_(specify pay period)_ _____.

3. _Other Income._ In the past 12 months, I have received income from the following sources _(check all that apply)_:

| | Yes | No |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☑ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☑ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☑ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☑ No |
| (e) Gifts, or inheritances | ☐ Yes | ☑ No |
| (f) Any other sources | ☐ Yes | ☑ No |

_If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future._

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ _____ 0 _____ .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

n/a

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

n/a

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

n/a

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

n/a

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: ___ 12 | 27 | 19 ___

_____
*Applicant's signature*

LAWRENCE CRAWFORD
*Printed name*

AO 241(Rev. 10/07)

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

# FINANCIAL CERTIFICATE
## FOR THE
## DISTRICT OF SOUTH CAROLINA
#### (for use in § 1983, *Bivens*, and non-habeas civil actions filed by prisoners)

I request that an authorized officer of the institution in which I am confined, or other person designated to review financial information in relation to inmate trust funds, complete this Certificate. If I have insufficient funds in my account that prohibit me from paying the full filing fee required by 28 U.S.C. § 1914 (currently $350.00), I will send with my complaint an initial installment payment, required by 28 U.S.C. § 1915, equal to the amount calculated and entered on line four by the authorized officer signing this form.

I recognize that by filing this case, I am required to pay the full filing fee (or the remaining unpaid portion of the filing fee by installments if necessary) under 28 U.S.C. § 1915(b) even though I am requesting to proceed *in forma pauperis*. I authorize and consent to collection of the filing fee in accordance with 28 U.S.C. § 1915 until the filing fee is paid in full.

_LAWRENCE CRAWFORD_
INMATE NAME (PRINTED)

_300839_
INMATE (PRISONER) NUMBER

INMATE SIGNATURE

_Lee CI_
PLACE OF CONFINEMENT

♦  (1)  Average monthly deposits
        to the inmate's account.........................$ _____O_____

♦  (2)  Average monthly balance
        in the inmate's account
        calculated for the prior
        six months period. ...............................$ _____O_____

♦  (3)  Current Balance ....................................$ _____O_____

♦  (4)  Initial Installment Payment
        (Take 20 percent of the greater
        of lines 1 or 2)........................................$ _____O_____

I hereby certify that as of this date, the above financial information is accurate for the above named inmate.

_Peggy Cauthen_
Authorized Officer's Signature

_12-27-19_
Date

_Peggy Cauther, Financial Analyst_
Authorized Officer's Name and Title