The Court of Appeals
For The Fifth Circuit et al.
_____

Docket No.(s) 19-60678,
19-60662 et al.
_____

Lawrence L Crawford aka Jonah
Gabriel Jahjah Ti tish bite et al.,

Interested Party

vs.

Ron Harnes, Mr Hopkins et
al. plaintiffs

Respondents

1 of 19

vs

Delbert Hoseman, Secretary of Mississippi; The United States et. al.,

Respondents

___

Affidavit of Facts Giving Judicial Notice; Motion to Supplement the Motion to Intervene and Further Establish the Right via default on the Mandamus and Motion to Motion Therefor

___

In re Cases 19-60662; 19-60678 et. al.

To the 5th Circuit Court of Appeals et.al.

Here the court under cases 19-60662 and 19-60628 will find:

(1) Exhibit, "stay", This is the Affidavit of Facts giving Judicial Notice; *** (14) pages dated January 7, 2020 filed in case 19-60011.

(2) Exhibit, "19-60011 Rehearing", This is the (28) page opinion issued in case 19-60011.

I motion to expand the scope and for inclusion and these

3 of 19

documents now be deemed a part of the proceedings under 19-60662 and 19-60678 to further establish the multi-district litigation claims asserted before this court and to aid in establishing the fraud upon the court and due process violation that occurred under case 19-60011 that directly impact these two cases before the 5th circuit. If that court would have acknowledged the default that occurred due to the mandamus that was never timely deferred by that court. The court in acts of fraud would have never been able to produce

this opinion due to not just the writ of mandamus, but also due to the parties failure to timely respond to the affidavits of default and voiding of jurisdiction that emerges from case 2013-CP-400-0084 emerging from Richland county common pleas court in South Carolina on appeal in the 5th circuit.

Inasmuch as it pertains to the writ of mandamus that the United States and other parties failed to timely challenge placing them in default and forfeiture. By the prima facie showing and claims made the petitioner established the right to the

issuance of the Writ as well as the Article III and Foreign Sovereign Immunity Act claims which is supported by contract law protected under both Article I § 10 and Article IV of the US Constitution as well as by Federal and State Probate Law, MARBURY v MADISON, 1 CRANCH 137, 5 US 137, 1803 WL 893, 2 LEd 60 (US 1803); KENDALL v US ex rel STOKES, 37 US 524, 12 PET. 524, 1838 WL 3946, 9 LEd 1181 (US 1838).

The Respondents and or defendants who were subject to the Writ of Mandamus and its

Attached summons never timely moved to defer the mandamus nor did they seek an extension of time to answer before the default occurred. They never in any way resist entry of the default related to the mandamus that was filed in subsequent pleading dated November 10, 2019. They didn't timely move to set aside or challenge any claim of default nor did they challenge before the 5th circuit any money damages. They didn't move to reject or rehear or appeal the

7 of 19

filed default document in any way establishing all claims made by my rights of DUE PROCESS law since the document was not timely deferred by even the court within (21) days as Federal Rule 12 would have required making all claims true, correct and valid, <u>Hodges v State Farm Mut Auto Ins Co</u>, 488 F.Supp. 1057 (DSC 1980); <u>Standard Sewing Machine Co. v Henry</u>, 43 SC 17, 20 S.E 790 SC 1895; <u>White Oak Manor Inc v Lexington Ins Co.</u>, 407 SC 1, 753 SE2d 537 (SC 2014); <u>Ashcroft v Iqbal</u>, 556 US 662, 129 SCt 1937 (US 2009); <u>Dyall v Byars</u>, F.Supp 2d, 2012 WL

8 of 19

799 1262 (DSC 2012); <u>Kunst v Lorr</u>, 404 SC 649, 746 SE 2d 360 (SCApp 2013).

Once the allegations were made and the petitioner made more than a sufficient prima facie showing of the right established and sought by the Writ of Mandamus. The defendants were required to respond or the default and forfeiture must be entered into evidence, deemed valid and the 5th circuit cannot in Acts of Fraud upon the court, and abuse of discretion, bias and prejudice aid them to circumvent the default acting as even representation for the defendants allowing them

9 of 19

to divert, ignore or circumvent this clear due process requirement or the proceedings would become unconstitutional and void. The defendants did not disapprove and no deferment occurred nor were they given permission to exceed the time dictated by the summons waiving any right to challenge, WALKER v BROOKS, 403 SC 217, 742 SE2d 869 (SC App 2013); Ledford v U.S., F.supp 2d, 2006 WL 2946187 (DSC 2006); AUGHTRY v. Richland / Lexington Schools Dist. 5, F.supp 2d, 2009 WL 2257615 (DSC 2009); STATE v BROCKMEYER, 406 SC 324, 751

SE2d 645 (SC 2013); IN RE NORMAN, 191 SW3d 858 JX (14 Dist).

When the court finds an intentional failure of responsive pleadings there need be no other finding to justify default judgment. IN RE KNIGHT, 833 F2d 1515, 1516 (11th Cir 1987); NATURES WAY MARINE, LLC v North American Material, Inc., 2008 WL 801702 (SD Ala 2008); United States v VERA, 2019 WL 7372959 (SD Tex 2019); CRAIN v E & M OPERATING, LLC, 2019 WL 6770732 (WD La 2019); Fed. Rule 55(a); Fed Rule 55(b)(2); MATTHEWS v Giving Days Foundation, Inc., 2019

WL 4991728 (SD Tex 2019); US v Stople, 304 Fed Appx' 334 (5th Cir 2008).

There is no excuse for the neglect at the time judgment was required. There was no mistake, inadvertence or surprise and they failed to oppose. The failure to timely plead an affirmative defense before the 5th circuit via the mandamus, especially in light of the seeking leave to appeal attached, is deemed a waiver of the right to assert it, Shah v Palmetto Health Alliance, SE2d, 2012 WL 1086486 (SCApp 2012); Burgess v. Burgess, SE2d, 2012 WL 1086559

(SCApp 2012)); IN RE BRUNTY, 411 SC 434, 769 SE2d 426 (SC 2015); IN RE Lapham — SE2d —, 2015 WL 3761501 (SC 2015); Sheppard v. Higgins, SE2d, 2014 WL 5777187 (SC App 2014); IN RE Smith, 401 SC 96, 736 SE2d 270 (SC 2012); Taylor v. Taylor, SE2d, 2013 WL 8541474.

The 5th circuit court had (21) days to defer that summons and the writ of mandamus attached to it but failed to do so. Nor did any of the parties seek to defer or challenge the mandamus, default or judgment making all claims made valid, even by the

default emerging from case 2013-CP-400-0084 from South Carolina which establish my right to intervene in all cases involved for the purpose of establishing non party collateral estoppel, US v McCoy, 954 F2d 1000 (5th cir 1992); US v Powell, 379 US 48, 85 sct 248, 13 Led 2d 112 (US 1964); Jones v Cannizzaro, 2019 WL 2289470 (ED La 2019); Park Lane @ Hosiery Co Inc v Shore, 439 US 322, 99 sct 645, 58 Led 2d 552 (US 1979); Wade v Household Finance Corporation III, 2019 WL 433741 (WD Tex 2019). Default must be rendered if the parties fail to defend or

plead in the time dictated by the summons attached to the mandamus; <u>Benton v Redding</u>, 2018 WL 303002 1 (N.D. Fla. 2018); <u>US v Moradi</u>, 673 F2d 725 (4th Cir 1982); <u>International Painters and Allied Trades Industry Pension Fund v Delly's Allstate Painting, LLC</u>, 763 F.Supp.2d 32 (DDC 2011); Rule 12(a)(1)(A)(2).

When parties have offered no good reason for their failure to respond entry of default is warranted establishing my right to intervene, all superseding power and authority of the foreign

15 of 19

Sovereign Crown as well as my jurisdictional right to establish all matters before the King Khalifah's appointed Trustee Judge Jacquelyn Austin, as well as all rights, titles, privileges, immunities and Intellectual property of the (U.S.) Global Thrones before all global courts involved, due to the 193 member states of the U.N. also being party to the default emerging from case 2013-CP-400-0084, Jenkins & Gilchrist v Groin & Co., 542 F3d 114 (5th Cir 2008); A.P. Moller-Maersk A/S v Safe Water Lines (I) Pvt. Limited, 784 Fed Appx 221 (5th Cir 2019); Law

16 of 19

Jupiter, LLC v Munoz, 924 F3d 752 (5th Cir 2019).

Where common factual issues exist among actions in multi-district litigation such as ACA matters, fiduciary rights, collateral estoppel, intellectual property, restoring of voting rights to inmates, affirmative action claims, the legal issues of Trustee and religious prophesy claims, the presence of different legal theories among the subject actions is not a bar to centralization. Centralization of actions in multi-district

litigation does not require a complete identity of parties. The pendency of related state court litigation cannot be deemed a valid bar to the centralization of actions in multi-district litigation. The presence of the foreign sovereign crown and sole corporation warrants such, IN RE BANK of NEW YORK MELLON CORP. FOREIGN EXCHANGE TRANSACTION Litigation 857 F.Supp.2d 1371 (2012); IN RES DARVOCET, DARVON AND PROPOXYPHENE Products Liability Litigation ,780 F.Supp. 2d 1379 (2011); IN RE MARRIOTT INTERNATIONAL INC.

Customer Data Security Breach
Litigation, 363 F.Supp.3d 1372 (2019).

Respectfully,
Jahtah Al Mahdi

January 4, 2020


