U. COURT OF APPEALS
RECEIVED
JAN 31 2020
FIFTH CIRCUIT

Court of Appeals
For The Fifth Circuit et. al.,

Appeal From The Texas District
Court ( The Mississippi District
Court ( The SC Richland Court )
The SC US District Court et al.,

Docket No. (s) 19-60662, 19-60678
et al,

Lawrence L Crawford aka Jonah
Gabriel Jah-jah T Tishbite et al,
interested party

Vs.

Ron HARNES, MR Hopkins et
AL. plaintiffs

RESPONDENT

Vs.

Delbert Hoseman, Secretary of
mississippi, The United states
et AL.

RESPONDENTS

## Affidavit of SERVICE

I, Jahjah Almahdi, do hereby
certify that I have mailed and

2 of 20

OR SERVED A copy of AN Affidavit of Facts Giving Judicial Notice, RENEWING the motion to intervene beyond the time limit, ..., on the 5th circuit court of Appeals by US mail postage prepaid by placing it in the institution mailbox on JANUARY 23, 2020.

Respectfully,

JALIYAH Al mahdi

JANUARY 23, 2020

3 of 20

COURT of APPEALS

FOR THE FIFTH CIRCUIT ET AL,

---

APPEAL FROM THE TEXAS DISTRICT
COURT, THE MISSISSIPPI DISTRICT
COURT, THE SC RICHLAND COURT,
THE SC US DISTRICT COURT ET AL

---

DOCKET NO(S) 19-60662, 19-60678
ET. AL,

---

LAWRENCE L CRAWFORD AKA JONAH
GABRIEL JAH-JAH T. TISHBITE ET AL,
INTERESTED PARTY

4 of 20

Vs

Ron HARNES, MR Hopkins et
Al, plaintiffs

RESPONDENTS

Vs

DELBERT HOSEMAN, SECRETARY of
Mississippi. ) The United STATES
et. Al.

RESPONDENTS

Affidavit of facts Giving Judicial
Notice; RENEWING the motion to
INTERVENE beyond the time limit,
and to RENEW all previously

5 of 20

filed motions, petitions, Notices
seeking leave to APPEAL etc ; motion
to make more clear the Relief
sought ; motion to challenge the
5th circuits jurisdiction in cases
19-60662 And 19-60678 And motion
to motion Therefor

---

IN RE CASES 19-60662, 19-60678
And 19-10011

TO: The SENIOR CHIEF JUDGE
The 5th circuit court of
Appeals et al.

Attached the SENIOR CHIEF

6 of 20

Judge and parties will finds

.(1)   Exhibit, "5th circuit ob-
struction". This is the response
sent to me by MARY STEWART
dated JANUARY 16, 2020.

I object to this foolishness, fraud
upon the court and obstruction
of justice WHERE these parties ARE
conspiring under color of law in
violation of 18 USC §§ 242 and 1001
to conceal MATERIAL facts RENDERING
CASES 19-60662 and 19-60678 Uncon-
stitutional and void. Let me make
CLEAR WHAT RELIEF I AM seeking.

7 of 20

(2) Exhibit, "INTERVENTION denial". This is A copy of the order denying my right to intervene in case 19-1004 that arrived after my last pleading. It was late getting to me. The first relief I want is for the court in cases 19-60662 And 19-60678 to grant the motion to expand the scope And for inclusion And that all documents filed in case 19-1004 be deemed filed in cases 19-60662 And 19-60678 to establish jurisdictional challenge to the 5th circuits Article III juris-

diction power that cannot bee waived or forfeited by me.

The Next relief I want is for the 5th circuit in cases 19-60662 and 19-60678 to rule on my motion to intervene in these two cases the same way the court ruled on my motion to intervene in case 19-600. I object to any claim that a proper motion is not pending in this case. You may have additional fraud where the motion was filed only in case 19-600 and the court failed to transfer a copy and file it in these two cases as they were instructed

to do in the cover letter sent to the court clerk the documents filed in case 19-60611 that were instructed to be filed in these cases also and file them in these cases.

Lets address this issue further establishing my right to intervene in these two cases to protect my acquired interest and to establish the multi district litigation. I motion for a ruling of law from the chief judge.

(3) The legal issues of religious prophesy, Exhibits "1 and 2". Exhibit "1" is the lead legal issue of religious prophesy. Exhibit #"2" is a copy of a warrant and indictment from

the state of South Carolina. It is clear from this issue I was arguing the 15th Amendment and throughout the document it is alleged the issue is being argued for all (50) states on both the state and federal level. We seen the indictments from S.C., N.Y., Illinois, Washington state, Kentucky, N. Carolina. All theses states indictments possess this same structural error. The question now becomes do the in-dictments within the states in the 5th circuit have the final structural constitutional error? Lets see them. We want discovery. We seen the warrants from these states. All

have the presumption of innocence language referred to but when it reaches the indictment this language disappears and the grand jury adjudicate guilt and predetermine the outcome.

(4) Legal issues of religious prophesy #'s 3-6. If you bring a fatally defective indictment before any criminal court in this Nation for the purpose of obtaining a conviction? Such action would render the criminal proceedings unconstitutional and void by the cases cited out of the US Supreme Court since 2016. If its unconstitutional, its void and it

Attaches to jurisdiction. All of this was defaulted on under case 2013-CP-400-0084 whose Notice seeking leave to Appeal was Never Adjudicated under case 19-1004 in Acts of FRAUD where these pleadings present a jurisdictional challenge to the Article III jurisdictional power of All 3) cases here involved Along with the Writ of Mandamus which is why the court under case 19-1004 was silent in Ruling to Also deny me of Appealable issues in the US SUPREME COURT. PART of the RELIEF sought in case 2013-CP-400-0084 was to Restore the voting Rights of All

13 of 20

inmates in all 50 states forcing National prison reform. This establishes issue preclusion on the issue of Restoring the inmates voting Rights where the United states defaulted on this issue in Case 2013-CA-400-0084. Therefore, the Next Relief is I want these claims and Rights established under both cases 19-60662 and 19-60678 which also establishes a Jurisdictional challenge to the Courts Article III Jurisdiction power which cannot be waived or forfeited by me which the 5th Circuit must address before it addresses any other merits in this case. I want the liens established.

(5) Exhibit, "Jurisdiction". This is the Affidavit of ~~this~~ giving judicial Notice, ***, (20) pages dated September 9, 2019 which is filed in all cases involved. ~~By~~ this document the Next relief is that I want the court to rule whether or not it has jurisdiction over the out of state parties, over the appeal of both cases 2013-CP-400-0084 And 9:19-cu-400-tlw-Bm which were timely filed before these courts involved for the purpose of transferring these cases to the trustee As is sought Also due to multi district

litigation and due to the fact that
these jurisdictional questions were
never properly ruled on to deny me
appealable issues which also still
presently attach to cases 19-60662
and 19-60678 due to the motion to
intervene in these two cases which
is timely due to my not discovering
these cases existence until the time
I filed the pleading addressing this.

(6) Exhibit "MANDAMUS". This
is the MANDAMUS that was filed
in case 19-6011 which the 5th
circuit never timely deferred nor

did it rule on it making it with its default still pending and attaches to both cases 19-60662 and 19-60678 establishing forfeiture on all causes.

When you look at the mandamus it calls for the vacating of the order in case 9:18-cv-1408-TLW-BM and consolidating it to case 9:19-cv-1100-TLW-BM which notice seeking leave to appeal is presently before this court. These cases produce an attack on the Clinton Bill 51 ALR Fed 2d 143. Within these two cases in question. We took the evidence gathered by Michelle Alexander

contained within her book entitled "Mass Incarceration during the Age of Colorblindness the New Jim Crow" and the documentary "13" produced by PBS and demonstrated that this legislation disproportionately target African Americans. These issues forged by me were before the courts in my cases. The fraud upon the court establishes forfeiture and issue preclusion before the 5th Circuit because this too forces National Prison Reform in that every inmate who were subject to these provisions of law by the

18 of 20

Relief defaulted on Also under case 2013-CP-400-00084. They were not only to be given their voting rights back, restored; Also every conviction where the AEDPA was used to adjudicate Habeas Corpus. All those convictions are to be ruled a nullity. Therefore, I seek this relief to include all other Relief sought by the writ of mandamus to be given via cases 19-60662 And 19-60678. This include All sought injunctive Relief or protective orders to include the motion to

Advance the cause And move this case up on the docket which Are jurisdictional challenges As well where the court must Address the merits of these jurisdictional challenges producing citing of law before it Addresses Any other merits in these cases

I give the court under cases 19-60662 And 19-60678 Judicial Notice that pleading Addressing the seeking to vacate the order And opinion filed in case 19-60011 is forthcoming which will contain some Additional Relief sought.

Respectfully,
Jahjah Almahdi

JANUARY 23, 2020

20 of 20

Many of the papers contain haphazard references to statutory or other legal authority which in no way pertain to matters before the court. Nonetheless, the court has endeavored in good-faith to review and understand these materials. Having so reviewed plaintiffs' submissions, the court finds they are lacking in clarity and do not sufficiently plead allegations which will sustain the complaint.

Defendants' counsel has presented several arguments in support of dismissal. In summary, the court finds defendants are not "persons" amenable to suit under Section 1983 or the NJCRA. The court further finds defendants are entitled to quasi-judicial and qualified immunity. Plaintiffs have not sufficiently demonstrated why they are entitled to declaratory or injunctive relief nor have they established a prima facie case of conspiracy under Section 1985. Lastly, plaintiffs did not file a notice of claim under the NJTCA and defendants are entitled to immunity under the NJTCA. Accordingly, plaintiffs' allegations pursuant to the NJTCA are dismissed without prejudice and plaintiffs' claims brought under Sections 1983 and 1985 are dismissed with prejudice.

Given the record before the court and the arguments presented by defendants in support of this motion, dismissal is appropriate. Moreover, although this motion was brought on behalf of only three defendants, the court is satisfied dismissal is warranted as to the remaining defendants. Accordingly, plaintiffs' complaint is hereby dismissed sua sponte with respect to all defendants.

Although defendants are entitled to immunity from suit, the court notes the dictates of R. 1:5-6(c) which requires clerks to file papers which are submitted even if they are nonconforming. Defendants did not have the discretion to determine whether plaintiffs had stated a cognizable complaint. Nonetheless, they remain immune from suit as their rejection of plaintiffs' pleadings

FOR LEGAL

LAWRENCE L CRAWFORD
#300839 F3A-RM 115
LEE C.I. 990 Wisacky Hwy
Bishopville, SC 29010

SASE out

SENIOR CHIEF JUDGE
FOR THE 5th CIRCUIT
600 S MAESTRI PLACE
NEW ORLEANS LA 70130

UNITED STATES POSTAGE
02 1P        $ 009.450
0000880020   JAN 27 2020
MAILED FROM ZIP CODE 29010
PITNEY BOWES