# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

_____

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

BY CM/ECF

March 2, 2020

Re:     Citation of supplemental authority relevant to *Hopkins et al. v. Hosemann*, No. 19-60662, consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Dear Mr. Cayce:

We represent the Plaintiffs-Appellees Cross-Appellants ("Plaintiffs") in the above-captioned consolidated actions. Pursuant to Federal Rule of Appellate Procedure 28(j) and Fifth Circuit Rule 28.4, we write to advise the Court of the Eleventh Circuit's February 19, 2020 decision in *Jones v. Governor of Florida*, No. 19-14551. The Eleventh Circuit affirmed a preliminary injunction in a challenge to a Florida law conditioning the restoration of voting rights on the payment of fines, fees and restitution.

Several aspects of the Eleventh Circuit's decision are relevant to the appeals. The Eleventh Circuit found that "[d]isenfranchisement is punishment," specifically, "a *continuing* form of punishment" that "visits the felon at each and every election." *Jones* Op. at 45-47. The Eleventh Circuit further found that "the Readmission Act of Florida authorized felon disenfranchisement *only* as punishment." *Id.* at 46. These holdings are relevant to the Plaintiffs' arguments that Mississippi's lifetime voting ban is a punishment subject to the Eighth Amendment's limitations because, *inter alia*, Mississippi's Readmission Act authorized felony disenfranchisement only as punishment. Plaintiffs' Opening Brief ("Br.") at 34-40. The Eleventh Circuit's holdings are also relevant to the Plaintiffs' argument that Mississippi's lifetime voting ban violates the Eighth Amendment because, *inter alia*, the continuing punishment of disenfranchisement exceeds the duration of the sentence. *Id.* at 28-29.[1]

_____

[1] The Eleventh Circuit stated that "there is nothing unconstitutional about disenfranchising felons … even for life." *Jones* Op. at 6. This aspect of the Eleventh Circuit's decision concerned the Equal Protection Clause; the Eleventh Circuit was not presented with, and did not consider, whether lifetime

Simpson Thacher & Bartlett LLP

Mr. Lyle W. Cayce                                    -2-                                    March 2, 2020

 

 

 

 

The Eleventh Circuit also found that in *Richardson v. Ramirez*, 418 U.S. 24 (1974), "the Court made it clear that the abridgement of a felon's right to vote is still subject to constitutional limitations." *Jones* Op. at 51-52. This holding is relevant to the Plaintiffs' argument that the district court erred in determining that a state's authority to enact felony disenfranchisement laws is free from almost any constitutional limitations. Br. at 30-31.

Sincerely,

/s/ Jonathan K. Youngwood

Jonathan K. Youngwood

cc:     All counsel of record (by CM/ECF)

---

felony disenfranchisement violates the Eighth Amendment, nor was it presented with the textual argument regarding Section 2 of the Fourteenth Amendment Plaintiffs advance.