

March 6, 2020

**VIA ECF**

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    Response to Rule 28(j) Letter: *Hopkins et al. v. Hosemann*, No. 19-60662 consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Dear Mr. Cayce:

    I write on behalf of the Mississippi Secretary of State in response to the letter filed by Plaintiffs concerning the Eleventh Circuit's decision in *Jones v. Governor of Florida*, No. 19-14551.[1]

    Plaintiffs pay short shrift both to the Florida law at issue in *Jones* and the constitutional challenge brought to it. Florida law permanently disenfranchises persons convicted of murder or a felony sexual offense. However, in 2018, Florida extended the franchise to other convicted felons who had repaid their debt to society in full.

    The issue in *Jones* is whether it violates equal protection to insist that all felons, including those unable to pay the financial terms of their sentences, complete all terms of their sentences before regaining eligibility to vote. The *Jones* litigation has nothing to do with the general constitutionality of felony *dis*enfranchisement—let alone did that court attempt to overrule binding precedent in *Richardson v. Ramirez*, 418 U.S. 24 (1974), as Plaintiffs here ask the Court to do.

    For instance, Plaintiffs contend that states may only temporarily abridge the franchise, and Plaintiffs say *Jones* is supportive of their argument. But only the opposite is true. Citing

---

[1] A petition for rehearing en banc was filed in *Jones* on February 26, 2020.

*Richardson*, the *Jones* panel stated that "states may—even permanently—disenfranchise a felon on the basis of his conviction." *Jones* Op. at 41.

While the *Jones* panel refers to disenfranchisement as punishment, the court was not analyzing whether disenfranchisement is "cruel and unusual punishment" per the Eighth Amendment. *Hinds v. Lynch*, 790 F.3d 259, 265 (1st Cir. 2015) ("'[B]oth criminal and civil sanctions may be labeled penalties' so any reliance on the descriptor is 'unavailing.'") (quoting *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 364 n.6 (1984)); *see also* Secretary's Response Br. at 43-55. Further, as the Eleventh Circuit concluded: "Regardless of the political trend toward re-enfranchisement, there is nothing unconstitutional about disenfranchising felons—even all felons, even for life." *Jones* Op. at 6.

Thus, Plaintiffs are as wrong in their reliance on *Jones* as they are in their constitutional challenges to Mississippi law.

Respectfully submitted,

/s/ *Krissy C. Nobile*
Krissy C. Nobile
*Counsel for the Mississippi Secretary of State*

cc: All counsel of record via ECF