# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

BY CM/ECF

April 27, 2020

      Re:    Citation of supplemental authority relevant to *Hopkins et al. v. Hosemann*, No. 19-60662, consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Dear Mr. Cayce:

      We represent Plaintiffs-Appellees-Cross-Appellants ("Plaintiffs") in the above-captioned appeals. Pursuant to Federal Rule of Appellate Procedure 28(j) and Fifth Circuit Rule 28.4, we write to advise the Court of the Supreme Court's April 20, 2020 decision in *Ramos v. Louisiana*, No. 18-5924, which held that Louisiana and Oregon laws permitting convictions of serious offenses based on nonunanimous jury verdicts violate the Sixth Amendment.

      The Court's decision is relevant to a key question at issue in the *Hopkins* appeals: whether Section 253 of the Mississippi Constitution has been "cleansed" of its original discriminatory taint by the Mississippi Legislature's failure to amend the law in the 1980s, and the Mississippi Legislature's modern-day use of Section 253. *See* Plaintiffs' Principal and Response Brief at 63-66.

      In *Ramos*, the Supreme Court "vividly describe[d] the legacy of racism that generated Louisiana's and Oregon's laws." *Ramos* Op. at 4 (Sotomayor, J., concurring in part) (describing the majority opinion). Although both states "eventually recodified their nonunanimous jury laws in new proceedings untainted by racism," the Court found it significant that the "peculiar" laws at issue were originally "adopted" for "racially discriminatory reasons." *Ramos* Op. at 13–14 & n.44 (emphasis omitted).

      Justice Kavanaugh, in a concurrence in part, acknowledged that "Louisiana's modern policy decision to retain nonunanimous juries … may have been motivated by neutral principles (or just by

Mr. Lyle W. Cayce  -2-  April 27, 2020

inertia)." *Id.* at 14. Justice Kavanaugh was nevertheless of the view that "the Jim Crow origins" of Louisiana's law "should matter and should count heavily" in the constitutional analysis. *Id.*

Justice Sotomayor, in a separate concurrence in part, explained that a "new law may well be free of discriminatory taint" if "a legislature actually confronts a law's tawdry past in reenacting it." *Id.* at 4. She observed that this "cannot be said of the laws at issue here" because "the States' legislatures never truly grappled with the laws' sordid history in reenacting them." *Id.*

Thus, under *Ramos*, a law originally enacted with discriminatory intent, such as Section 253 of the Mississippi Constitution, remains constitutionally suspect even if a state legislature later retains or reenacts the law.

Sincerely,

/s/ Jonathan K. Youngwood

Jonathan K. Youngwood

cc: All counsel of record (by CM/ECF)