

April 30, 2020

**VIA ECF**

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    Response to Rule 28(j) Letter: *Hopkins et al. v. Hosemann*, No. 19-60662 consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Dear Mr. Cayce,

      I write on behalf of the Mississippi Secretary of State in response to the letter filed by Plaintiffs concerning the Supreme Court's decision in *Ramos v. Louisiana*, No. 18-5924.

      *Ramos* was not an equal protection case. Rather, the issue there was whether the Sixth Amendment—as incorporated against the States—requires a unanimous verdict to convict a defendant of a serious offense. In deciding that issue, the *Ramos* Court had no occasion to analyze under the Equal Protection Clause a facially-neutral and non-self-enforcing law like Article 12, Section 253 of the Mississippi Constitution.

      Although the *Ramos* Court commented on the racially-discriminatory origins of the Louisiana and Oregon laws at issue, it did so as background information. *Ramos* Op. at 1-2. And while Justice Sotomayor's concurrence also described the racism that generated those laws, the concurrence noted the absence of any equal protection challenge before the Court. *Id.* at 4 (Sotomayor, J., concurring in part).

      However, Justice Sotomayor's concurrence did restate the familiar requirements of proving an equal protection claim—including proving present-day

"discriminatory effects" of a law. *Id.* Here, though, Plaintiffs failed to prove any present-day discriminatory effects of Section 253 or that the law is discriminatory in application. *See* Secretary's Response Br. at 8-12. Thus, even though *Ramos* is inapposite to the legal issue here, the case otherwise doesn't substantively advance Plaintiffs' claim.

What's more, this Court need not reach the merits of Plaintiffs' Section 253 claim because the Mississippi Constitution commits enforcement of that section to the state legislature. The Secretary of State—an executive branch official—cannot and does not enforce Section 253. *See In re Abbott*, 2020 WL 1911216, at *6 (5th Cir. Apr. 20, 2020) ("If the official sued is not 'statutorily tasked with enforcing the challenged law,' then the requisite connection is absent and 'our *Young* analysis ends.'") (quoting *City of Austin v. Paxton*, 943 F.3d 993, 998-1000 (5th Cir. 2019)). Thus, regardless of any background commentary in *Ramos*, Plaintiffs here lack Article III standing to sue the Secretary over Section 253, and the Eleventh Amendment bars their claim.

Respectfully submitted,

/s/ *Krissy C. Nobile*

Krissy C. Nobile

cc: All counsel of record via ECF