# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

BY CM/ECF

June 9, 2020

Re: Citation of supplemental authority relevant to *Hopkins et al. v. Hosemann*, No. 19-60662, consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Dear Mr. Cayce:

We represent Plaintiffs-Appellees-Cross-Appellants ("Plaintiffs") in the above-captioned appeals. Pursuant to Federal Rule of Appellate Procedure 28(j) and Fifth Circuit Rule 28.4, we write to advise the Court of the Northern District of Florida's May 24, 2020 decision in *Jones v. DeSantis*, No. 4:19-cv-300-RH/MJF, 2020 WL 2618062, which granted a permanent injunction in a constitutional challenge to a Florida law conditioning the restoration of voting rights on the payment of fines, fees and restitution.

The *Jones* decision is relevant to an important question at issue in the *Hopkins* appeals: whether the standardless legislative process for the case-by-case restoration of voting rights set forth in Section 253 of the Mississippi Constitution violates the Equal Protection Clause. *See* Plaintiffs' Principal and Response Brief at 48-55; Plaintiffs' Reply Brief at 19-23. Plaintiffs argued that Section 253 is "inherently arbitrary" and therefore unconstitutional "because it establishes no standards for distinguishing between those who may regain the right to vote, and those who must remain disenfranchised." Plaintiffs' Principal and Response Brief at 54. But Defendant contended that "it is not and cannot be irrational for a vote restoration system to be based on discretion." Defendant's Principal Brief at 45.

The *Jones* court found that the Supreme Court has "squarely rejected [the] assertion" that "a state can restore the right to vote or not [to individuals convicted of felonies] in the state's unfettered discretion." 2020 WL 2618062 at *12 (citing *Richardson v. Ramirez*, 418 U.S. 24, 56 (1974)). The *Jones* court further found that an "unbroken line of decisions," including the Fifth Circuit's decision in

Simpson Thacher & Bartlett LLP

Mr. Lyle W. Cayce -2- June 9, 2020

*Shepherd v. Trevino*, 575 F.2d 1110 (5th Cir. 1978), "puts to rest any assertion that the State can simply do as it pleases when restoring the right to vote to some felons but not others." 2020 WL 2618062 at *13.

Sincerely,

/s/ Jonathan K. Youngwood
Jonathan K. Youngwood

cc: All counsel of record (by CM/ECF)