

SOLICITOR GENERAL'S DIVISION

June 11, 2020

**VIA ECF**

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:    Response to Rule 28(j) Letter: *Hopkins et al. v. Hosemann*, No. 19-60662 consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Dear Mr. Cayce,

    I write on behalf of the Mississippi Secretary of State in response to the June 9 letter filed by Plaintiffs concerning the district court's decision in *Jones v. Governor of Florida*, No. 4:19-cv-300-RH/MJF, 2020 WL 2618062.

    The *Jones* litigation was discussed in a prior Rule 28(j) letter. The issue there, unlike here, is whether it violates equal protection to insist that all felons, including those unable to pay the financial terms of their sentences, complete all terms of their sentences before regaining eligibility to vote.

    Plaintiffs initially said that *Jones* supported their position that States cannot permanently *dis*enfranchise for any felony. Yet the prior *Jones* decision said exactly the opposite. Now Plaintiffs say that *Jones* supports their non-racial equal protection challenge to Section 253 of the Mississippi Constitution, which provides one of the State's discretionary mechanisms for felony *re*-enfranchisement. But, again, Plaintiffs engage in a tactic of plucking a phrase from the *Jones* decision and planting it out of context in their letter to the Court.

Indeed, the district court in *Jones* reiterated an unremarkable proposition: "When a state decides to restore the right to vote to some felons but not others, the state must comply with the United States Constitution[.]" 2020 WL 2618062 at *12. Here, though, the point is that a discretionary vote restoration process, like Section 253, is *not* violative of the Constitution simply because it lacks specific standards. Secretary's Resp. Br. at pp. 14-24.

To be sure, equal protection does constrain re-enfranchisement authority—such as when a re-enfranchisement system on its face draws a classification, like the one upheld in *Shepherd v. Trevino*, 575 F.2d 1110, 1114-1115 (5th Cir. 1978); or when a plaintiff proves that officials have "administer[ed] a statute, fair on its face, with an unequal hand," as in *Williams v. Taylor*, 677 F.2d 510, 516 (5th Cir. 1982). Section 253, however, draws no classification on its face, and Plaintiffs never proved (or even tried to prove) that legislators selectively and arbitrarily implemented Section 253.

In short, nothing in the recent or prior decisions in *Jones* advances any of Plaintiffs' challenges to Mississippi law.

            Respectfully submitted,

            /s/ *Krissy C. Nobile*

            Krissy C. Nobile
            *Counsel for the Mississippi Secretary of State*

cc: All counsel of record via ECF