# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

BY CM/ECF

August 13, 2020

        Re:    Citation of supplemental authority relevant to *Hopkins et al. v. Hosemann*, No. 19-60662, consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Dear Mr. Cayce:

      We represent Plaintiffs-Appellees-Cross-Appellants ("Plaintiffs") in the above-captioned appeals. Pursuant to Federal Rule of Appellate Procedure 28(j) and Fifth Circuit Rule 28.4, we write to advise the Court of the Governor of Iowa's August 5, 2020 Executive Order ("Iowa Order") "restor[ing] the rights of citizenship, including that of voting" to individuals convicted of most disenfranchising felonies who have "discharged" their sentences.[1] The Iowa Order explains that "restoring the right to vote of Iowans who have discharged their felony sentences recognizes that [the] path to redemption … necessarily includes reintegration into our political process."

      On December 12, 2019, the Governor of Kentucky issued a similar Executive Order ("Kentucky Order") restoring voting rights to individuals convicted of most disenfranchising felonies upon sentence completion.[2] The Kentucky Order notes that "restoration of the right to vote is an

---

[1] The Iowa Order does not apply to individuals convicted of violations of Chapter 707 of the Iowa Code, which governs "Homicide and Related Crimes." A copy of the Iowa Order is available at https://governor.iowa.gov/sites/default/files/documents/EO7%20-%20Voting%20Restoration.pdf?utm_medium=email&utm_source=govdelivery.

[2] The Kentucky Order does not apply to individuals convicted of treason, bribery, or violent offenses, among other exclusions. A copy of the Kentucky Order is available at https://www.brennancenter.org/sites/default/files/2019-12/Executive%20Order%202019-003.pdf.

Simpson Thacher & Bartlett LLP

Mr. Lyle W. Cayce　　　　　　　　-2-　　　　　　　　August 13, 2020

important aspect of promoting rehabilitation and reintegration into society to become law-abiding and productive citizens."

These voting rights restorations are relevant to an important question central to the Eighth Amendment claim at issue in the *Hopkins* appeals: whether there is a national consensus against the punishment of lifetime disenfranchisement. *See* Plaintiffs' Principal and Response Brief at 33-34, 40-42; Plaintiffs' Reply Brief at 14-16.

When the briefs were filed in this case, Mississippi was one of just three states in the country to impose the punishment of lifetime disenfranchisement for convictions of all disenfranchising felonies. Today, Mississippi is the *only state in the nation* that permanently denies the right to vote to all individuals convicted of disenfranchising offenses. In Mississippi, there is no pathway for the restoration of voting rights based on the satisfaction of objective criteria. Instead, Mississippi restores voting rights only on an entirely discretionary, case-by-case basis. Mississippi is now unquestionably a national outlier.

Sincerely,

/s/ Jonathan K. Youngwood
Jonathan K. Youngwood

cc:　　All counsel of record (by CM/ECF)