

SOLICITOR GENERAL'S DIVISION

August 20, 2020

**VIA ECF**

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   Response to Rule 28(j) Letter: *Hopkins et al. v. Hosemann*, No. 19-60662 consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Dear Mr. Cayce,

I write on behalf of the Mississippi Secretary of State in response to Plaintiffs' August 13, 2020 letter concerning executive orders issued by Governors in Iowa and Kentucky restoring voting rights to some individuals convicted of some felony offenses.

According to Plaintiffs, the executive orders issued in Iowa and Kentucky somehow make Mississippi's law disenfranchising for certain felony offenses unconstitutional. Plaintiffs' underlying premise is that, in light of these executive orders, Mississippi purportedly "is the only state in the nation that permanently denies the right to vote to all individuals convicted of disenfranchising offenses." Plaintiffs' premise is as purposefully misleading as it is wrong.

The State of Mississippi does *not* disenfranchise for all felony offenses. Like other States, including the States of Florida, Iowa, and Kentucky (the three States Plaintiffs have discussed in recent 28(j) letters), Mississippi only disenfranchises for *some* felony offenses. Presently, Mississippi state law provides that serious felonies classified as murder, rape, bribery, theft, arson, obtaining money or goods under false

pretense, perjury, forgery, embezzlement, bigamy, and voter fraud are disqualifying. MISS. CONST. art. 12, § 241; MISS. CODE ANN. §§ 23-15-11, 23-15-19.

The State of Florida permanently disenfranchises persons convicted of murder or a felony sexual offense. And, as Plaintiffs admit in a footnote in their most-recent letter, Kentucky's executive order does not apply to many offenses, such as treason, bribery, assault, violent offenses, and other offenses. Similarly, Plaintiffs admit that Iowa's executive order does not apply to homicide and other related crimes. What is more, unlike many States, individuals who commit lesser, non-disqualifying felonies in Mississippi *never* lose the right to vote—during incarceration or otherwise.

Felon disenfranchisement laws across the States do not fit into a single category—let alone is there any single "national consensus" to somehow conclude that the Eighth Amendment overrides Section 2 of the Fourteenth Amendment. *See* Secretary Resp. Br. at 41-55. Felon disenfranchisement has an affirmative sanction in Section 2 of the Fourteenth Amendment, *see generally Richardson v. Ramirez*, 418 U.S. 24 (1974), and Plaintiffs' Eighth Amendment claim attacking Mississippi's felon disenfranchisement law is a non-starter.

Respectfully submitted,

/s/ *Krissy C. Nobile*

Krissy C. Nobile
*Counsel for the Mississippi Secretary of State*

cc: All counsel of record via ECF