

SOLICITOR GENERAL'S DIVISION

February 24, 2021

**VIA ECF**

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:    Citation of Fifth Circuit authority relevant to *Hopkins et al. v. Hosemann*, No. 19-60662 consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Dear Mr. Cayce,

Pursuant to Federal Rule of Appellate Procedure 28(j) and Fifth Circuit Rule 28.4, we write on behalf of the Mississippi Secretary of State to advise the Court of the impact of this Court's recent decision in *Harness v. Hosemann*, No. 19-60632 (February 23, 2021).[1]

In both *Harness* and *Hopkins*, plaintiffs assert distinct constitutional challenges to Article 12, Section 241 of the Mississippi Constitution. In *Harness*, plaintiffs asserted a race-based equal protection challenge to Section 241; in *Hopkins*, plaintiffs assert Eighth Amendment and non-racial equal protection challenges to Section 241.

The sole defendant in *Harness* and *Hopkins* is the Secretary of State, in his official capacity. And, in both cases, the Secretary argued that the Court lacks jurisdiction based on standing and sovereign immunity as to plaintiffs' Section 241 challenges. This Court's published opinion in *Harness* rejected the Secretary's

---

[1] https://www.ca5.uscourts.gov/opinions/pub/19/19-60632-CV0.pdf

arguments, holding that the Secretary has a requisite connection to Section 241's enforcement. Thus, under the rule of orderliness, the *Harness* decision on standing and sovereign immunity controls as to the *Hopkins* plaintiffs' claims against the Secretary targeting Section 241.

Importantly, though, the *Harness* decision has no bearing on the jurisdictional arguments as to the *Hopkins* plaintiffs' claims asserted against the Secretary targeting Article 12, Section 253 of the Mississippi Constitution. As *Okpalobi*, *K.P. I*, and *K.P. II* demonstrate, even if state officials have responsibilities under one challenged law or a portion of that law, that does not create plaintiffs' standing to challenge a separate law or even a separate provision of a single law. *Okpalobi v. Foster,* 244 F.3d 405, 426-27 (5th Cir. 2001) (en banc); *K.P. v. LeBlanc*, 627 F.3d 115, 123 (5th Cir. 2010) (*K.P. I*); *K.P. v. LeBlanc*, 729 F.3d 427, 436-37 (5th Cir. 2013) (*K.P. II*). And, here, the Secretary has *no* responsibilities under *any* portion of Section 253. *See* Secretary's Response Br. at 4-8.

Even after *Harness*, plaintiffs still lack Article III standing to sue the Secretary over Section 253, and the Eleventh Amendment bars their Section 253 claim.

Respectfully submitted,

/s/ *Justin L. Matheny*

Justin L. Matheny
*Counsel for the Mississippi Secretary of State*

cc: All counsel of record via ECF