# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

BY CM/ECF

March 2, 2021

      Re:    Response to Rule 28(j) letter submitted by Defendant-Appellant-Cross-Appellee the Mississippi Secretary of State in *Hopkins et al. v. Hosemann*, No. 19-60662, consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Dear Mr. Cayce:

      We represent Plaintiffs-Appellees-Cross-Appellants ("Plaintiffs") in the above-captioned appeals. We write to respond to the Rule 28(j) letter ("Letter") filed by the Defendant-Appellant-Cross-Appellee ("Defendant") addressing the Fifth Circuit's February 23, 2021 decision in *Harness v. Hosemann*, No. 19-60632.

      Defendant correctly acknowledges that *Harness*' holding that "the Secretary [of State] has a requisite connection to Section 241's enforcement" also "controls as to the *Hopkins* plaintiffs' claims against the Secretary targeting Section 241." Letter at 1-2. Contrary to Defendant's assertion, however, the Court's reasoning also bears directly on Plaintiffs' claims challenging Section 253.

      The *Harness* Court rejected Defendant's argument that local election officials "have the sole duty and authority" to enforce Section 241. Defendant-Appellee's Brief at 52. The Court found dispositive the Secretary's responsibility for "'develop[ing] and implement[ing]'" SEMS, the state's "'official record of registered voters.'" Opinion at 3-4. The Court held that the Secretary's role vis-à-vis SEMS provides "a sufficient connection" to Section 241. *Id.*

      In *Hopkins*, Defendant has similarly argued that only the Legislature has the requisite connection to Section 253. Defendant's Opening Brief at 14-17. The district court rejected this contention, recognizing that an individual whose right to vote is restored under Section 253 may not *exercise* that right until her name is first added to SEMS—which the Secretary maintains. *See*

Simpson Thacher & Bartlett LLP

Mr. Lyle W. Cayce -2- March 2, 2021

Summary Judgment Order at 8-9. The Secretary also implements Section 253 by, *inter alia*, drafting the state's voter registration application, which includes voter eligibility criteria. *See generally Texas Democratic Party v. Abbott*, 978 F.3d 168, 178-80 (5th Cir. 2020) (standing and *Ex parte Young* satisfied based on the Texas Secretary's responsibility for drafting the absentee ballot application) (decision cited in *Harness* at n.2). *Harness* supports the district court's conclusion that the Secretary's role in the re-enfranchisement process suffices for Plaintiffs' Section 253 claims.

The *Harness* Court further found that Section 241's disqualifying crimes were chosen in 1890 to selectively disenfranchise Black individuals. Opinion at 2. This determination weighs in favor of a finding that Section 253, which was also enacted in 1890 based on a racist motivation, was similarly intended to facilitate the selective re-enfranchisement of white individuals.

Sincerely,

/s/ Jonathan K. Youngwood
Jonathan K. Youngwood

cc: All counsel of record (by CM/ECF)