# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-3539 | jyoungwood@stblaw.com |

BY CM/ECF

September 8, 2022

           Re:    Citation of supplemental authority relevant to *Hopkins et al. v. Hosemann*, No. 19-60662, consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Dear Mr. Cayce:

      We represent Plaintiffs-Appellees-Cross-Appellants ("Plaintiffs") in the above-captioned appeals. Pursuant to Federal Rule of Appellate Procedure 28(j) and Fifth Circuit Rule 28.4, we write to advise the Court of the significance of the Fifth Circuit's August 24, 2022 en banc decision in *Harness v. Watson*, No. 19-60632, to Plaintiffs' race-based equal protection challenge to Section 253 of the Mississippi Constitution.

      The *Harness* Court found that the 1890 constitutional convention "was steeped in racism," and enacted Section 241's felony disenfranchisement law "to deny the franchise to [B]lacks." *Harness* op. at 2. The Court stated that "[i]f Section 241 had never been amended, the provision would violate the Equal Protection Clause pursuant to *Hunter*." *Id.* at 3.[1]

      The 1890 constitutional convention also enacted Section 253, a standardless reenfranchisement provision, as part of its racially discriminatory disenfranchisement scheme. Plaintiffs' Principal and Response Brief at 58-61. Under the reasoning in *Harness*, Section 253, which has never been amended, violates the Equal Protection Clause.

---

[1] *Harness* does not impact Plaintiffs' Eighth Amendment claim challenging Section 241 (or any other aspect of Plaintiffs' Section 241 challenge). As noted in Judge Ho's concurring opinion, disenfranchisement provisions may not "contravene[ ] other provisions of the Constitution." *Harness* op. at 23.

Simpson Thacher & Bartlett LLP

Mr. Lyle W. Cayce  -2-  September 8, 2022

  The *Harness* Court determined that "Section 241 would have been passed in its current form without racial motivation" because "the 1968 legislature, the 1968 general electorate of the state of Mississippi, the Task Force, and to some extent, the U.S. Department of Justice [("DOJ")] all considered Section 241 and approved it in its current form." *Harness* op. at 22. The Court found it significant that in 1986, the Mississippi Legislature "amended existing state statutes" to reference Section 241 following DOJ preclearance. *Id.*

  There is no comparable evidence for Section 253. The 1968 legislature and electorate did not amend Section 253; and the 1986 Mississippi Legislature did not amend any statutes to reference Section 253. Section 253 was not discussed during the 1984 Task Force meeting attended by the DOJ, *Harness* Dkt. 63-2 at 203-210, nor did the DOJ preclear any statutory amendments referencing Section 253 in 1986, *id.* at 268.

                  Sincerely,

                  /s/ Jonathan K. Youngwood

                  Jonathan K. Youngwood

cc:  All counsel of record (by CM/ECF)