# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

BY CM/ECF

July 10, 2023

     Re: Citation of supplemental authority relevant to *Hopkins et al. v. Hosemann*, No. 19-60662, consolidated with *Hopkins et al. v. Hosemann*, No. 19-60678

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Dear Mr. Cayce:

  We represent Plaintiffs-Appellees-Cross-Appellants ("Plaintiffs") in the above-captioned appeals. Pursuant to Federal Rule of Appellate Procedure 28(j) and Fifth Circuit Rule 28.4, we write to advise the Court of the Supreme Court's denial of the petition for a writ of certiorari concerning the Fifth Circuit's August 24, 2022 en banc decision in *Harness v. Watson*, No. 19-60632.

  The *Harness* case solely concerned an equal protection challenge to Section 241's criminal disenfranchisement provision with respect to the eight disenfranchising offenses that were originally adopted pursuant to the 1890 Constitutional Convention, which, as this Court recognized, aimed to strip Black Mississippians of their right to vote. As Justice Jackson noted in her dissent from the Supreme Court's decision to deny the petition for a writ of certiorari, the President of the 1890 Constitutional Convention openly proclaimed: "We came here to exclude the negro. Nothing short of this will answer." *Harness v. Watson*, No. 22-412 (June 30, 2023) (Jackson, J., dissenting).

  A majority of this Court, sitting *en banc*, held that two amendments to Section 241 cleansed the provision of its original discriminatory taint. *Harness v. Watson*, 47 F.4th 296 (5th Cir. 2022). Given the Supreme Court's denial of the *Harness* plaintiffs' petition for certiorari, that case no longer has the potential to moot Plaintiffs' claims with respect to the *Hopkins* class.

  Notably, nothing in the *Harness* decision in any way limits or forecloses Plaintiffs' two claims challenging Section 241 under the Eighth and Fourteenth Amendments, or Plaintiffs' three claims

Mr. Lyle W. Cayce -2- July 10, 2023

challenging Section 253 under the First and Fourteenth Amendments. None of Plaintiffs' claims were raised by the *Harness* Plaintiffs, or considered by this Court or the Supreme Court in that case.

Sincerely,

/s/ Jonathan K. Youngwood

Jonathan K. Youngwood

cc: All counsel of record (by CM/ECF)